**Johnny Ray JENKINS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A04–1102–CR–64.**

Court of Appeals of Indiana.

Oct. 25, 2011.

Jason A. Childers, Hulse, Lacey, Hardacre, Austin, Sims & Childers, P.C., Anderson, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Johnny Ray Jenkins appeals the trial court's order revoking his probation following an evidentiary hearing. Jenkins presents two issues for review:

1. Whether the trial court abused its discretion when it revoked his probation.
2. Whether the trial court abused its discretion when it ordered him to serve twelve years of the suspended portion of his sentence.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 21, 2002, Jenkins pleaded guilty to four counts of criminal confinement, as Class B felonies; one count of attempted arson, as a Class B felony; and one count of domestic battery, as a Class A misdemeanor.[1] On February 25, 2004, the trial court sentenced him to twenty years with six years executed and fourteen years suspended to probation.

Four times between June 2006 and August 2008, the State filed petitions alleging probation violations, and each time Jenkins admitted to the alleged violations. On March 3, 2010, the State again filed a notice (amended on December 6, 2010) alleging four additional probation violations: that Jenkins had violated the law; that he had failed to timely report to the probation department; that he had failed to pay court costs; and that he had failed to pay probation fees. At the evidentiary hearing, Jenkins admitted that he had failed to timely report for probation and failed to pay court costs and probation fees. The trial court then found that Jenkins had committed those violations. But the court also found "no violation as to [paragraph] 5a) not to violate the laws of Indiana or the U.S. and failure to behave well in society[.]" Appellant's App. at 20. As a sanction, the court revoked twelve years of the previously suspended sentence and ordered Jenkins to serve that term "at the Indiana Department of Correction with no return to probation." *Id.* Jenkins now appeals.

## DISCUSSION AND DECISION

### Issue One: Violation of Probation

■■■ Jenkins appeals the trial court's determination that he had violated the terms and conditions of his probation. "[A] trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind.2007). As this court has often stated:

A probation revocation proceeding is in the nature of a civil proceeding, and, therefore, the alleged violation need be proved only by a preponderance of the evidence. *J.J.C. v. State*, 792 N.E.2d 85, 88 (Ind.Ct.App.2003). Violation of a single condition of probation is sufficient to revoke probation. *Id.* As with other sufficiency issues, we do not reweigh the evidence or judge the credibility of witnesses. *Id.* We look only to the evidence which supports the judgment and any reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value to support the trial court's decision that the probationer committed any violation, revocation of probation is appropriate. *Id.*

*Richardson v. State*, 890 N.E.2d 766, 768 (Ind.Ct.App.2008) (quoting *T.W. v. State*, 864 N.E.2d 361, 364 (Ind.Ct.App.2007), *trans. denied*). A defendant is not entitled to serve a sentence in a probation program; rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Jones v.*

---

1. When Jenkins pleaded guilty to the charges listed, the State agreed to dismiss four counts of intimidation, as Class C felonies.

*State,* 838 N.E.2d 1146, 1148 (Ind.Ct.App. 2005).

Jenkins argues that the State did not present sufficient evidence to show that he had violated the terms of his probation by failing to pay court costs or probation fees. But Jenkins does not challenge the trial court's finding that he had violated his probation terms by failing to timely report to the probation department. Again, violation of a single condition of probation is sufficient to revoke probation. *Richardson,* 890 N.E.2d at 768. Jenkins' failure to timely report to the probation department, by itself, is sufficient to support the revocation of his probation.

■ In any event, the evidence is sufficient to support the trial court's finding that Jenkins violated the terms of his probation by failing to pay court costs and probation fees. Jenkins asserts on appeal that, despite his admission to these violations, the State was required to show that his failure to pay was knowing and intentional. Our supreme court has described the parties' respective evidentiary burdens regarding allegations of the failure to pay financial obligations in probation revocation cases:

> While the State has the burden to prove (a) that a probationer violated a term of probation and (b) that, if the term involved a payment requirement, the failure to pay was reckless, knowing, or intentional, . . . it is the defendant probationer's burden . . . to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered.

*Runyon v. State,* 939 N.E.2d 613, 617 (Ind. 2010).

Here, Jenkins admitted that he had failed to pay court costs and probation fees, and he points to no mitigating evidence in the record to explain why he had not paid those obligations. To the contrary, the State elicited evidence from him that he was able to find and maintain employment when he was released from the Department of Correction in 2009 and that he was able to "set up" child support for his child. Transcript at 21. And he stated that he planned to quit the "under the table" work he had been doing and return to his original job with Chuck Roesler, who owns Broadway Realty in Anderson, where he earned a regular paycheck with taxes deducted. Transcript at 24. On these facts, we cannot say that the trial court abused its discretion when it determined by a preponderance of the evidence that Jenkins violated the terms of his probation by failing to pay court costs and probation fees, in addition to failing to timely report to probation.

### Issue Two: Sanction

■ Jenkins next challenges the sanction ordered as a result of his probation violations. We review a trial court's sentencing decisions for probation violations under the abuse of discretion standard. *Prewitt,* 878 N.E.2d at 187. Further, again, a defendant is not entitled to serve a sentence in a probation program; rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Jones,* 838 N.E.2d at 1148. Jenkins contends that the trial court abused its discretion when it ordered him to serve the twelve years of the suspended portion of his sentence. We cannot agree.

The State alleged and Jenkins admitted that he had failed to pay court costs and probation fees. He also admitted that he had not reported to probation for more than one year. And he had four prior probation violations between June 2006 and August 2008. The court considered all of these factors when it ordered him to

serve twelve years of the fourteen-year suspended portion of his sentence as a sanction for the violations. Again, probation is a matter of grace, not a right. *Id.* In light of the current violations and Jenkins' history of probation violations, we cannot say that the trial court abused its discretion when it ordered him to serve twelve years of his previously suspended sentence.

Affirmed.

MAY, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting.

I respectfully dissent from the majority's decision to affirm the trial court's imposition of a twelve year sentence after revoking Jenkins' probation.

The premise underwritten by the majority to determine that Jenkins violated his probation to pay court costs builds upon *Runyon v. State*, 939 N.E.2d 613, 617 (Ind. 2010), where our supreme court described the parties' respective evidentiary burdens with respect to allegations of failure to pay financial obligations in probation revocation cases. The *Runyon* court clarified that the State carries the burden to establish that the failure to pay was reckless, knowing, or intentional. *Id.* As satisfaction of this burden, the majority points to Jenkins' employment history, his ability to set up child support, and his opportunity to return to a position earning a regular paycheck. *See* Op. pp. 149–50. I disagree that this evidence establishes that his failure to pay was reckless, knowing, or intentional. Rather, without any evidence as to Jenkins' expenses or other obligations, this evidence merely indicates that Jenkins is employed and *might* have disposable income to pay his court costs and fees.

Jenkins' second admission of probation violation—that he failed to timely report to probation—amounts to a technical rule violation which should not, standing alone, result in a revocation of probation. Based on this evidence, I conclude that the trial court abused its discretion by revoking Jenkins' probation.

Moreover, even if there was sufficient evidence to support Jenkins' probation revocation, the trial court abused its discretion when it ordered Jenkins to serve twelve years. Probation is a conditional liberty dependent upon the observance of certain restrictions. These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by a probationer being at large. *Carswell v. State*, 721 N.E.2d 1255, 1258 (Ind.Ct.App. 1999). The evidence reflects that upon his release from prison, Jenkins was able to find and maintain employment, which, in turn allowed him to set up child support payments for his child. Returning him to the Indiana Department of Correction for twelve years, not only punishes Jenkins for improving his life while he was on probation, but also penalizes his child who is relying on the support payments. Furthermore, indiscriminately sending him to the DOC for failing to pay some minimal court fees and costs without taking into account his undeniable rehabilitation, his employment status, and the contributions to his child's life, will bring us onto the slippery slope of a debtor's prison. I would remand to the trial court with instructions to impose an alternative sentence.