**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TOMMY GOLDMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 31A01-1202-CR-75 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HARRISON SUPERIOR COURT
The Honorable Roger D. Davis, Judge
Cause No. 31D01-0810-FD-824

**August 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Tommy Goldman appeals the sentence the trial court imposed upon him after revoking his probation. We affirm.

ISSUE

Goldman raises one issue, which we restate as: whether the trial court abused its discretion by ordering him to serve one and one-half years of his previously-suspended sentence.

FACTS AND PROCEDURAL HISTORY

Goldman executed a plea agreement in which he admitted to operating a vehicle while intoxicated with a previous conviction within the past five years, a Class D felony. Ind. Code § 9-30-5-3 (2008). He also admitted to violating the terms of his probation from a prior case. In exchange, the State dismissed three other pending charges. The parties agreed to a sentence of three years, with two years and ten months of the sentence to be suspended to probation. The terms of probation were incorporated into the plea agreement. On February 1, 2010, the trial court accepted Goldman's guilty plea and imposed the agreed-upon sentence of three years, with two years and ten months suspended to probation. At the sentencing hearing, the court asked Goldman if he had received an opportunity to discuss the plea agreement with his attorney, and Goldman responded that he had. The court also asked Goldman if he had any questions about the plea agreement, and Goldman responded, "No." Tr. p. 20.

On July 16, 2010, the State filed a petition to revoke Goldman's probation. The court held a hearing on the petition. On January 26, 2012, the court determined that

2

Goldman had violated the terms of probation by: (1) failing to attend and complete an alcohol/drug program; (2) consuming alcohol and using marijuana while on probation; (3) failing to sign a release of confidentiality form as directed by the probation officer; and (4) failing to pay probation user fees. The trial court ordered Goldman to serve one and one-half years of his previously-suspended sentence. This appeal followed.

DISCUSSION AND DECISION

Goldman does not challenge the trial court's determination that he violated the terms of his probation. Instead, he challenges the length of his sentence.

Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Once a court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. *Id.* When a court finds that a person has violated a condition of probation, the court may: (1) continue the person on probation; (2) extend the probationary period; or (3) order execution of all or part of the previously-suspended sentence. Ind. Code § 35-38-2-3 (2008). Accordingly, a court's sentencing decisions for a probation violation are reviewable under the abuse of discretion standard. *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

In this case, Goldman argues that the trial court should have ordered him to serve only one year rather than one and one-half years. He notes that he freely admitted to his probation officer that he had used alcohol and marijuana while on probation and asserts

3

that he refused his probation officer's request to sign the release of confidentiality form because he wanted to talk to his attorney first.

Goldman pleaded guilty to driving while intoxicated as a Class D felony, which necessarily means that he had a prior conviction for driving while intoxicated. *See* Ind. Code § 9-30-5-3. Under these circumstances, the trial court reasonably required Goldman to attend drug and alcohol counseling and to refrain from using alcohol and marijuana as conditions of probation. However, at Goldman's first meeting with his probation officer on July 7, 2012, he admitted to using alcohol and smoking marijuana while on probation. He also failed to attend a drug or alcohol abuse treatment program. Thus, Goldman failed to take the opportunity given him on probation to address his substance abuse issues and, by drinking, ran the risk of committing further alcohol-related crimes.

Furthermore, when Goldman pleaded guilty, he told the court he had no questions about the plea agreement, which incorporated the terms of his probation, and had received an opportunity to discuss the plea agreement with his attorney. Among other terms, he agreed to "sign a Release of Confidentiality for all mental and other health care providers and alcohol/drug counseling records as requested by the Probation Department." Appellant's App. p. 34. Thus, Goldman's refusal to sign the release of confidentiality form was a clear violation of the terms of his probation, regardless of his wish to consult his attorney. Finally, the record reflects that Goldman was indisputably delinquent on his probation user fees.

Under these circumstances, we cannot conclude that the trial court's sentence of one and one-half years from a previously-suspended sentence of two years and ten months is clearly against the logic and effect of the facts and circumstances. *See Jenkins v. State*, 956 N.E.2d 146, 149-50 (Ind. Ct. App. 2011) (determining that the trial court did not abuse its discretion in the course of sentencing a probation violator to twelve years of a previously-suspended fourteen-year sentence where the probationer had repeatedly violated multiple terms of probation), *trans. denied*. Consequently, we find no abuse of discretion.

CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

BAKER, J., and BARNES, J., concur.