**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

CLERK
of the supreme court,
court of appeals and
tax court



ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY ADAMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1205-CR-385 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis Carroll, Judge
Cause No. 48C03-0605-FB-255

**December 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Jeffrey Adams appeals the revocation of his probation and the execution of the remainder of his suspended sentence. He presents the following restated issue for review: Did the trial court abuse its discretion in determining that Adams had resisted law enforcement and, thus, violated a condition of his probation?

We affirm.

On March 5, 2007, Adams pleaded guilty to armed robbery and burglary, both as class B felonies. Thereafter, he was sentenced to concurrent twelve-year terms of imprisonment, with six of those years suspended to probation.

On July 19, 2011, the State filed a notice of violation of probation, which was subsequently amended on two occasions. In sum, the State alleged that Adams violated probation by: (1) committing a new criminal offense – resisting law enforcement – on July 9, 2011; (2) failing to pay probation fees; (3) possessing a hand grenade and a pistol on October 15, 2011; and (4) failing to behave well in society by taking a substantial step toward the possession of marijuana on October 15, 2011.

At the evidentiary hearing on April 23, 2012, Adams admitted violations 2 through 4 above but denied the first allegation regarding resisting law enforcement. With regard to this allegation, the State presented evidence that on the evening of July 9, 2011, officers and emergency personnel responded to an accident involving an overturned vehicle in a school playground. Paramedics informed the responding officers that the possible driver had fled the scene running northbound. Two officers, in full uniform and driving marked police vehicles with activated emergency lights, encountered Adams about two blocks away in an

alley.  Adams fit the description given at the scene.  Both officers commanded Adams to stop, yelling "police stop."  *Transcript* at 11.  Adams did not stop and ran for about a block as the officers chased after him.  When an officer caught up to him, Adams finally stopped.  Although he went to the ground as directed, Adams cursed at the officers and refused to keep his hands out to his sides, instead placing a cigarette in his mouth.  When one of the officers removed the cigarette from Adams's mouth, Adams cursed and began to get up off the ground in an aggressive manner.  He was then tased.

At the conclusion of the probation hearing, the trial court determined that the State had established by a preponderance of the evidence that Adams resisted law enforcement.  Specifically, the court noted that Adams continued to run from the officers after the officers identified themselves as police and ordered him to stop.

Upon revoking Adams's probation, the trial court explained:

> [T]here's a new criminal offense, serious criminal offense.  Weapons charges out of Marion County and then also the evidence today of resisting law enforcement.  And so one of the worst things you can do while you're on probation is commit a new crime.  Especially when you've been convicted of an armed robbery and to then be found in possession of another not only hand gun but a hand grenade.  So, I don't think it's any surprise as to you as to what's going to happen.  If you're going to commit new crimes while you're on probation you might as well go back and finish up the original sentence.  It shows disrespect to the community and to the Court that's supervising you and so six (6) years of the previously suspended sentence is ordered executed to the Department of Corrections.

*Id*. at 24.  Adams now appeals, challenging the sufficiency of the evidence with respect to the resisting law enforcement violation.

Probation is a matter of grace and is a conditional liberty that is a favor, not a right.

3

*See Jenkins v. State*, 956 N.E.2d 146 (Ind. Ct. App. 2011), *trans. denied*. The trial court determines the conditions of probation and may revoke probation if the probationer violates a condition of probation. *See Kincaid v. State*, 736 N.E.2d 1257 (Ind. Ct. App. 2000). A trial court's order regarding revocation of probation is reviewed for an abuse of discretion. *Jenkins v. State*, 956 N.E.2d 146. We neither reweigh the evidence nor judge the credibility of witnesses, and we look only to the evidence most favorable to the judgment. *Id*. Further, because a probation hearing is civil in nature, the State need prove a violation only by a preponderance of the evidence. *Id*.

With respect to the challenged violation, the State presented evidence that Adams continued to run after two officers identified themselves and ordered him to stop. He lead officers on a one-block chase and stopped only when one of the officers was about to catch up with him. This evidence establishes by a preponderance of the evidence that Adams committed resisting law enforcement. *See* Ind. Code Ann. § 35-44.1-3-1(a)(3) (West, Westlaw current through 2012 2nd Regular Session). The trial court did not err in this regard.

Moreover, the revocation of Adams's probation is amply supported by his other violations, most notably possession of a grenade and a handgun. Adams was found in possession of these weapons, as well as marijuana, when stopped in a vehicle in Marion County three months after the notice of violation had been filed for resisting law enforcement in Madison County. This weapon violation alone supports the revocation of probation. *See Jenkins v. State*, 956 N.E.2d at 149 ("violation of a single condition of probation is sufficient to revoke probation"), *trans. denied*.

4

Judgment affirmed.

NAJAM, J., and BRADFORD, J., concur.