**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 18 2013, 8:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**T. ANDREW PERKINS**
Rochester, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JONATHAN BOOKS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 25A03-1208-CR-357 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FULTON SUPERIOR COURT
The Honorable Wayne E. Steele, Judge
Cause No. 25D01-0902-FB-64

**January 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Jonathan Books ("Books") appeals his sanction for a probation violation. We affirm.

## ISSUE

Whether the trial court erroneously ordered Books to serve the balance of his suspended sentence in the Department of Correction for violating the terms of his probation.

## FACTS

On November 7, 2008, Debra Goggins ("Goggins") reported to the Fulton County Sheriff's Department that her residence had been burglarized. Goggins stated that she had been away from her house since October 1, 2008. When Goggins returned, she discovered that bratwurst, ground beef, pork chops, pork loin, whiskey, and a flashlight were stolen. In addition, she noted that the bathroom had been used, and there were burn marks in the blanket on her bed, as if someone had been smoking while lying in bed.

On February 5, 2009, Books was interviewed by law enforcement. During the interview, Books admitted to breaking into the residence to steal food. On February 10, 2009, Books was charged with one count of burglary as a class B felony and two counts of theft as class D felonies. On June 30, 2009, Books pleaded guilty to burglary as a class B felony. In exchange, the State dismissed the remaining counts.

On August 18, 2009, the trial court held a sentencing hearing. Prior to imposing its sentence, the trial court found Books' criminal history to be an aggravating factor. His

criminal history consisted of an adjudication for child molesting as a juvenile in 1999, and a misdemeanor conviction for criminal mischief in 2004. The trial court imposed a ten (10) year sentence, with four (4) years executed in the Department of Correction and the remaining six (6) years to be served on probation.

Books' probationary period began on November 4, 2010. While on probation, Books was required to regularly report to his probation officer, inform the probation department of any change in address, and to obey the laws of the State of Indiana. Because Books was homeless, he began his probation residing at the Emmaus Mission Center in Logansport, Indiana.

On April 14, 2011, the Fulton County Probation Department filed a petition alleging that Books violated the term of his probation by failing to (1) meet with his probation officer in March 2011; and (2) inform the Department that he had been "kicked out" of the Emmaus Mission Center "for being non-compliant." (App. 69). Books was subsequently arrested. On July 26, 2011, Books admitted the allegations. The trial court ordered Books to return to probation.

After Books release, Fulton County transferred his probation to Cass County. However, when Cass County officials were unable to locate Books, a new petition seeking to revoke his probation was filed on November 15, 2011. The petition also alleged that Books failed to meet with his probation officer on September 13, 2011. On November 29, 2011, an amended petition was filed alleging that Books violated his probation by committing the offense of receiving stolen property as a class D felony.

Again, Books was eventually arrested and an evidentiary hearing was scheduled for July 17, 2012.

At the evidentiary hearing, Books acknowledged that he had violated the terms of his probation. Specifically, he acknowledged that he had failed to maintain contact with his probation officer and that he had recently pleaded guilty to the new offense of burglary as a class C felony. At the evidentiary hearing, Deputy Larry C. Jolley testified that the burglarized residence was for sale and in the process of being remodeled. Books admitted to breaking into the unoccupied house and stealing plumbing fixtures and copper wiring. Books stated that he remained homeless, and that he sold the stolen items to a scrap yard and used the money to buy "clothes, shoes, [and] food." Tr. at 7. At the conclusion of the hearing, the State asked the trial court to revoke Books' probation and impose a sanction of six (6) years to the Department of Correction. The State characterized Books' actions in light of his prior burglary conviction as an escalation of events. Books' counsel disagreed with the State's characterization and asked the trial court to impose an eighteen (18) month sanction, giving due consideration to Books' homelessness.

Prior to imposing a sanction for the probation violations, the trial court stated,

The Court, having determined the Defendant did violate the terms and conditions of his probation, now finds that his probation should be revoked, that he should be ordered to serve the balance of the sentence, get credit for any time served in a good-time credit. Again, I think we all are recognizing the circumstances, but I think the, the Court recognized some of that at the original sentencing in this matter, gave him a split sentence and placed him on probation with some terms and conditions that were meant to assist and

4

> help Mr. Books, and he did not take advantage of those and continues to violate the law; that the Court would agree I think his behavior is escalated, not the charge itself but the behavior itself, and so the Court will revoke his probation, . . . .

Tr. 19. Books was ordered to serve the remaining six (6) years of his sentence at the Department of Correction. Books now appeals.

## DISCUSSION

Books argues that the six (6) year sanction for his violation of the terms of probation was inappropriate. Specifically, Books asserts that the trial court improperly characterized his new felony offense as an escalation of events. Further, Books argues that the trial court did not give due consideration to his homelessness as a mitigating factor.

A trial court's sentence imposed for a probation violation is reviewed for an abuse of discretion. *Jenkins v. State*, 956 N.E.2d 146, 149 (Ind. Ct. App. 2011), *trans. denied.* A defendant "is not entitled to serve a sentence in a probation program; rather, such placement is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Id.* (quoting *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005)).

In this case, we cannot say that the trial court abused its discretion in ordering Books to serve the balance of his suspended sentence at the Department of Correction. Books has demonstrated an unwillingness to remain in contact with his probation officers. While we are mindful that homelessness can make compliance with the terms of probation more difficult, Books has engaged in behavior that suggests he is not receptive

5

to the assistance being provided by the community. For example, he was removed from housing provided by Emmaus Mission Center for noncompliance. In addition, this is the second probation violation. Further, Books has now committed another burglary offense, damaging and stealing property belonging to another person. Arguably, the worst thing a defendant can do while being supervised on probation is to commit a new felony offense, particularly the same offense. As a result, we find no abuse of discretion.

Affirmed.

ROBB, C.J., and MAY, J., concur.