**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KEVIN WILD**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NOAH MANI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1211-CR-569 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patricia J. Gifford, Senior Judge
Cause No. 49G02-1003-FB-17387

**June 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Noah Mani challenges the sufficiency of the evidence supporting the trial court's revocation of his community corrections placement. We affirm.

In June 2010, Mani pleaded guilty to Class B felony burglary and was sentenced to four years in the Department of Correction followed by two years in community corrections work release. Mani began his community corrections placement at Duvall Residential Center in March 2012. At that time, he signed a contract informing him of Duvall's rules and regulations.

In October 2012, the State filed a notice of community corrections violation, which alleged that Mani assaulted a Duvall staff member, habitually violated Duvall rules, and failed to comply with his financial obligation to community corrections.

At a hearing, Alison Shine of Marion County Community Corrections testified that she was not present when the assault occurred but reviewed Mani's file and watched the surveillance video of the incident. She stated that a Duvall employee searched Mani's personal belongings, found bleach and hair clippers, and removed them. Shine further stated that Mani followed the employee, removed the items from the employee's cart, argued with the employee, and then struck out at him. The employee restrained him. The trial court admitted the surveillance video into evidence.

Shine also testified that Duvall considers a person with five conduct reports to be a habitual rule violator, and Mani had accumulated seven conduct reports by the time the notice of violation was filed. She further testified that Mani was over $2800 in arrears upon his obligation to pay work release fees.

Mani testified that he pushed the Duvall employee away because the employee tried to choke him. As to the conduct reports, the court reviewed each rule violation with Mani, and Mani acknowledged some and contested others. He explained that three of the rule violations—one for violation of a condition of a pass and two for violation of temporary leave conditions—occurred when he had passes to go out for job interviews but got lost. He further explained that two of the rule violations occurred because he was unaware of the rules. Mani admitted he owed over $2800 in work release fees.

After hearing the evidence, the trial court found that Mani assaulted the Duvall employee, habitually violated Duvall rules, and failed to comply with his community corrections financial obligation. The court thus concluded that he violated the conditions of his community corrections placement, revoked that placement, ordered him to serve the balance of his sentence in the Department of Correction, and entered a civil judgment against him for the unpaid fees.

The sole issue Mani presents in this appeal is whether the evidence is sufficient to support the revocation of his community corrections placement. We review the revocation of a community corrections placement in the same manner as a revocation of probation. Cox v. State, 706 N.E.2d 547, 551 (Ind. 1999). That is, a community corrections revocation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. Id. We consider the evidence most favorable to the trial court's judgment without reweighing the evidence or judging the credibility of the witnesses. Id. We affirm the revocation if there is substantial

3

evidence of probative value to support the trial court's conclusion that the defendant has violated any terms of the community corrections placement. Id.

Mani contends the evidence is insufficient to show he assaulted the Duvall employee. He claims, as he did at the revocation hearing, that he pushed the employee away only after the employee tried to choke him. He also says the surveillance video "appears" to support his version of events. Appellant's Br. p. 6. The video, which we have reviewed, was recorded from a vantage point down the hallway from where the physical altercation occurred. It is unclear how the altercation began, but what is clear is that Mani forcefully shoved the employee against the wall.

Moreover, he essentially makes a self-defense claim but provides no cogent analysis of whether he acted without fault, was in a place where he had a right to be, or was in reasonable fear or apprehension of bodily harm. See Henson v. State, 786 N.E.2d 274, 277 (Ind. 2003). In any event, because Mani removed the confiscated items from the cart, refused to return them, and argued with the employee, a reasonable person could conclude that he was not without fault and that the State's evidence thus negated his self-defense claim. See id. at 278 (inmate's actions not without fault where he provoked confrontation, in which he threw body waste at correctional officers, by threatening them after they removed items from his cell). The evidence, viewed in the light most favorable to the trial court's judgment, is sufficient to show that Mani assaulted the employee.

Mani also contends the evidence is insufficient to show the other two violations found by the court. However, violation of a single condition of a community corrections placement is sufficient to revoke that placement. See Jenkins v. State, 956 N.E.2d 146,

149 (Ind. Ct. App. 2011), <u>trans.</u> <u>denied</u>. Thus, even if the evidence is insufficient to show Mani habitually violated Duvall rules or failed to comply with his community corrections financial obligation, his assault of the employee is sufficient to sustain the revocation of his community corrections placement.

We therefore affirm the trial court's judgment.

BAILEY, J., and PYLE, J., concur.