**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 18 2013, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

TIMOTHY J. FUGATE, )
)
    Appellant-Defendant, )
)
        vs. )    No. 16A01-1306-CR-262
)
STATE OF INDIANA, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE DECATUR CIRCUIT COURT
The Honorable Matthew D. Bailey, Special Judge
Cause No. 16C01-0901-FA-16

**December 18, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The appellant-defendant Timothy J. Fugate challenges the revocation of his probation, claiming that the trial court erred in sentencing him to five years of executed time in the Indiana Department of Correction (DOC), eight of which had been originally suspended. Fugate admitted to two probation violations that included committing the criminal offenses of battery and possession of marijuana. Fugate has amassed four misdemeanor convictions and two prior felony convictions. Fugate admitted at the dispositional hearing that he still smokes marijuana and has a drug problem.

Under these circumstances, we conclude that the trial court did not err in revoking Fugate's probation and ordering him to serve five years of the originally-imposed eight-year suspended sentence.

## FACTS

On January 20, 2009, Fugate was charged with various drug offenses including dealing in methamphetamine, a class A felony, possession of pseudoephedrine, and possession of marijuana. In January 2010, Fugate and the State entered into a plea agreement, whereby Fugate agreed to plead guilty to dealing in methamphetamine as a class B felony in exchange for dismissal of the remaining charges as well as a pending probation revocation petition in another case. The trial court accepted the agreement and sentenced Fugate to fourteen years of incarceration, with eight years suspended to supervised probation.

On April 17, 2012, the State petitioned to revoke Fugate's probation when it alleged that he had committed battery and failed to pay certain fees. Fugate admitted to

2

committing the battery, and the trial court revoked 130 days of Fugate's suspended sentence.

On December 17, 2012, the State filed a second petition to revoke Fugate's suspended sentence, alleging that Fugate had violated the terms of his probation by failing a drug test and not paying certain fees. During a hearing on the second revocation on March 15, 2013, Fugate admitted that he tested positive for THC.

During the dispositional hearing on May 13, 2013, Fugate admitted that he had tested positive for marijuana and acknowledged that he still occasionally smokes marijuana. Fugate also admitted that he has a drug problem, particularly with marijuana.

Fugate requested leniency so that he could find employment and asked the trial court not to impose any executed time on the probation violation. However, Fugate admitted that this was his second probation violation in the case. The pre-sentence investigation report revealed that Fugate had accumulated four misdemeanor convictions and two prior felony convictions. Fugate had been granted leniency in those cases but he often violated probation conditions. In fact, Fugate was on probation when he committed the instant drug offenses.

The trial court concluded that the second violation in this case warranted the revocation of Fugate's probation. However, because Fugate admitted the violation, the trial court did not believe that it should order Fugate to execute the remaining portion of his suspended sentence. As a result, the trial court terminated Fugate's probation as

unsuccessful and ordered him to serve five years of the originally-suspended eight-year sentence.  Fugate now appeals.

## DISCUSSION AND DECISION

### I.  Standard of Review

Probation is a matter of grace that is left with the trial court's discretion to determine probation conditions.  Jones v. State, 976 N.E.2d 1271, 1280 (Ind. Ct. App. 2012), trans. denied.  Probation revocation is a two-step process:  the trial court must first make a factual determination that a violation has occurred, and it must then determine the appropriate sanction for the violation.  Heaton v. State, 984 N.E.2d 614, 616 (Ind. 2013).

A defendant's probation may be revoked for violating a single condition of probation.  Bass v. State, 974 N.E.2d 482, 488 (Ind. Ct. App. 2012).  When the trial court finds a violation, we review the determination of the sanctions imposed for an abuse of discretion.  Jenkins v. State, 956 N.E.2d 146, 149 (Ind. Ct. App. 2011), trans. denied.  An abuse of discretion occurs only when the trial court's decision is clearly against the logic and effect of the facts and circumstances or where the trial court misinterprets the law.  Heaton, 984 N.E.2d at 616.

### II.  Fugate's Contentions

Fugate argues that the trial court erred in revoking his probation and sentencing him to five years for a mere "probationary lapse" and he admitted his mistake.  Appellant's Br. p. 3.  And because Fugate admitted to the violation, the only issue before

4

us involves the penalty, which was the five years that he was ordered to serve in the DOC. <u>Heaton</u>, 984 N.E.2d at 616.

As noted above, this was Fugate's second violation of probation in this case. Indeed, Fugate's initial violation was based on the commission of battery, a new offense. Appellant's App. p. 25-31. Additionally, the present violation is based on a failed drug test that showed Fugate had been using marijuana, which is also a criminal offense. <u>Id.</u> at 58-63. The second violation occurred within four months of the time that Fugate had been released from the sanction that was imposed on the first violation.

Fugate has had little success during his probationary periods and had difficulty admitting that he has substance abuse issues. <u>Id.</u> at 17-18. Under these circumstances, we cannot say that the trial court erred in revoking Fugate's probation and ordering him to serve five years of his previously suspended sentence. <u>See</u> <u>Jenkins</u>, (observing that in light of the defendant's current probation violation and his history of probation violations, the trial court did not err in revoking the defendant's probation and in ordering him to execute the remaining portion of the  suspended sentence).

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.