**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARCUS JONES, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 48A04-1305-CR-251 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48C06-0907-FB-540

**January 31, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Marcus Jones appeals the revocation of his probation. We affirm.

**Issue**

The sole issue before us is whether the trial court properly considered hearsay evidence in making its decision to revoke Jones's probation.

**Facts**

In March 2010, Jones was sentenced to a term of ten years, with seven years executed and three years suspended to probation, for one count of Class B felony robbery. On March 22, 2013, the State filed a petition alleging Jones had violated his probation after his release from incarceration by committing several new offenses: Class A felony attempted murder, Class A felony robbery resulting in serious bodily injury, and Class D felony dealing in marijuana. The petition also alleged that Jones had violated probation by failing to pay probation fees and failing to obtain employment.

At Jones's probation revocation hearing, he admitted having failed to pay fees and to obtain employment, but he did not admit to committing any new offenses. Detective Norman Rayford of the Anderson Police Department testified regarding his investigation into those offenses. He stated that the victim of the crime had been shot in the head and that the victim had picked Jones out of a photo array as being present at the scene, which was a drug deal "gone bad," although the victim did not identify Jones as being the shooter. Detective Rayford also testified that he spoke with Jones's sister, who said Jones told her he had been involved in the drug deal that led to the victim's shooting. Finally, Detective Rayford testified that he interviewed Jones directly regarding the incident, and Jones had

2

admitted being involved in a marijuana dealing transaction, during which the shooting occurred, but he denied any direct involvement in the shooting. Detective Rayford stated that what Jones told him was "collaborated [sic]" by what others had told him. Tr. p. 13.

At the conclusion of the hearing, the trial court acknowledged that the State's evidence was based on hearsay but that it had "some substantial indicia [of] reliability." Id. at 15. It found there to be insufficient evidence that Jones had committed attempted murder or robbery but sufficient evidence of "the marijuana charge that's alleged." Id. at 16. In conclusion, the trial court revoked Jones's probation and ordered him to serve his previously-suspended three-year term while also stating, "Now, candidly . . . I would not revoke three years based on those technical violations," i.e., the failure to pay fees and to obtain employment. Id. at 20. Jones now appeals.

**Analysis**

Jones's sole argument is that the trial court erred in relying on hearsay evidence presented by the State, through Detective Rayford's testimony, in finding that he had committed dealing in marijuana as the primary basis for revoking his probation.[1] We first note that Jones did not object to Detective Rayford's testimony. Failure to object to testimony generally waives on appeal any claim of error in the testimony. Morris v. State, 818 N.E.2d 143, 145 (Ind. Ct. App. 2004).

---

[1] Ordinarily, we may affirm a revocation of probation if there is sufficient evidence that a defendant violated any single condition of probation. Jenkins v. State, 956 N.E.2d 146, 149 (Ind. Ct. App. 2011), trans. denied. Jones did admit to violating his probation by not paying fees and by failing to obtain employment. However, given the trial court's clear statement that it would not have revoked Jones's probation if he had committed only those violations, we will address his argument regarding the finding that he committed dealing in marijuana.

Waiver notwithstanding, we find no error. During a probation revocation hearing, a trial court may admit hearsay evidence if the court determines that the hearsay is substantially trustworthy, without making a separate explicit finding of good cause for admitting the hearsay in lieu of live testimony. Reyes v. State, 868 N.E.2d 438, 442 (Ind. 2007). Here, the most critical piece of "hearsay" evidence against Jones was Detective Rayford's relating that Jones himself had admitted during an interview that he had participated in a marijuana dealing transaction. An out-of-court statement by a defendant used against the defendant qualifies as a statement by a party-opponent that is excluded from the definition of hearsay in our evidentiary rules. See Amos v. State, 896 N.E.2d 1163, 1168 (Ind. Ct. App. 2008) (citing Ind. Evidence Rule 801(d)(2)(A)), trans. denied. Thus, Jones's admission to Detective Rayford is the type of statement already deemed so "substantially trustworthy" under our evidentiary rules that it is not hearsay. As such, the trial court did not err in relying upon Detective Rayford's testimony in finding that Jones violated his probation by committing dealing in marijuana.

## Conclusion

The trial court did not erroneously rely upon hearsay evidence in deciding to revoke Jones's probation. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.

4