## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 23 2016, 8:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas K. Reynolds
Lebanon, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, IN

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric Byrd, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 23, 2016 <br><br> Court of Appeals Case No. 06A01-1509-CR-1509 <br><br> Appeal from the Boone Superior Court <br><br> The Honorable Matthew C. Kincaid, Judge <br><br> Trial Court Cause No. 06D01-1407-FD-135 |

**Crone, Judge.**

# Case Summary

[1] Eric M. Byrd appeals the trial court's revocation of his probation. He contends that there was insufficient evidence to support the trial court's finding that he violated his probation. He also contends that the trial court abused its discretion in revoking his probation and imposing 1059 days of his previously suspended sentence. Finding the evidence sufficient and no abuse of discretion, we affirm.

# Facts and Procedural History

[2] The State charged Byrd with class D felony theft. On March 9, 2015, Byrd entered into a plea agreement with the State which provided that he would receive a three year sentence, with 180 days executed and the remainder suspended to probation. The agreement provided that Byrd would serve his executed sentence in community corrections, if he qualified, and that he would pay restitution to his victims. On June 12, 2015, the trial court accepted the guilty plea and sentenced Byrd accordingly. During sentencing, Byrd was advised of the conditions of his probation. Among the conditions of Byrd's probation was Term one, which required Byrd to abide by all laws and to advise probation within twenty-four hours if he was arrested; Term two, which required Byrd to keep all meetings with probation and community corrections; and Term thirty-three, which required Byrd to complete all mental health counseling and follow the recommendations of his mental health care provider.

[3]     Immediately following the sentencing hearing, Byrd went to the probation office to complete his probation paper work, determine if he was qualified for community corrections, and to receive his electronic monitoring bracelet. Annette Bowden, Director of Operations for Boone County Community Corrections, met with Byrd and recommended that Byrd receive a mental health evaluation to be certain that he qualified for community corrections. Bowden allowed Byrd to review and sign the contract for the monitoring bracelet. Bowden further inquired regarding the status of Byrd's driver's license, and he told her that it was suspended.

[4]     Because Byrd arrived at the probation office shortly before the staff's lunch, he was given his probation paperwork and asked to return after the lunch break was over. Upon returning from lunch, Ashley McClure, the case manager that met with Byrd to hook up his monitoring bracelet, witnessed him in the driver's seat of a vehicle. McClure was present when Byrd revealed that his driver's license was suspended, but she also checked his driving record to confirm. After completing his bracelet hook-up, McClure observed Byrd leaving the building, again getting into the driver's seat of a vehicle, and driving away. McClure called the Lebanon Police Department to report Byrd's crime. Police subsequently pulled Byrd over and gave him a citation for driving with a suspended license. Byrd was charged with driving while suspended under cause number 06C01-1507-CM-357.

[5]     While Byrd was at the probation office, an appointment was set for June 18, 2015, for him to attend a meeting regarding mental health counseling. Byrd

failed to attend that meeting. After Byrd failed to attend that meeting, the mental health professionals attempted to contact him at the phone number he had provided but the number was invalid.

[6] Also while Byrd was at the probation office, an appointment was set for him to meet with his probation officer, Suzan Shrock-Gideon, on June 22, 2015. Byrd failed to appear for that meeting and he did not attempt to reschedule the meeting.

[7] On June 24, 2015, Boone County Community Corrections filed a notice of violation alleging that Byrd had violated the terms of his community corrections by failing to attend his scheduled mental health appointment, and by receiving a citation for driving while suspended. On June 26, 2015, the probation department filed a petition to revoke probation also alleging that Byrd violated his probation by failing to attend his scheduled mental health appointment, and additionally alleging that Byrd failed to attend a scheduled appointment with his probation officer. The probation department subsequently amended its petition to revoke to include an allegation that Byrd had committed class A misdemeanor driving while suspended.

[8] The trial court held an evidentiary hearing on September 1, 2015. At the time, Byrd had already served his executed sentence in community corrections. The trial court found by a preponderance of the evidence that Byrd violated the conditions of his probation. Accordingly, the trial court revoked Byrd's

probation and ordered him to serve 1059 days of his previously suspended sentence in the Department of Correction. This appeal ensued.

## Discussion and Decision

[9] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court has been allotted discretion to determine the conditions of probation, and may revoke probation if the determined conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). We review a trial court's decisions to revoke probation for an abuse of discretion. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances. *Prewitt*, 878 N.E.2d at 188.

## Section 1 – Sufficient evidence supports the trial court's finding that Byrd violated his probation.

[10] Byrd challenges the sufficiency of the evidence to support the trial court's finding that he violated his probation. This Court has explained,

> A probation revocation proceeding is in the nature of a civil proceeding, and, therefore, the alleged violation need be proved only by a preponderance of the evidence. Violation of a single condition of probation is sufficient to revoke probation. As with other sufficiency issues, we do not reweigh the evidence or judge the credibility of witnesses. We look only to the evidence which supports the judgment and any reasonable inferences flowing therefrom. If there is substantial evidence of probative value to

> support the trial court's decision that the probationer committed any violation, revocation of probation is appropriate.

*Jenkins v. State*, 956 N.E.2d 146, 148 (Ind. Ct. App. 2011) (citations omitted), *trans. denied* (2012).

[11] Here, the State alleged, and the trial court found, that Byrd violated three conditions of his probation. Byrd argues that the State presented insufficient evidence to show that he violated any condition. However, our review of the record reveals that during the revocation hearing, Byrd effectively admitted that he violated his probation by committing the new offense of driving while suspended. *See* Tr. at 46. As stated above, violation of a single condition of probation is sufficient to support the revocation of probation. *See Jenkins*, 956 N.E.2d at 148. Thus, this violation, by itself, is sufficient to support the revocation of Byrd's probation and we need not address his additional sufficiency of the evidence claims.

[12] In any event, the evidence is sufficient to support the trial court's finding that Byrd also violated his probation by failing to keep all meetings with his probation officer and by failing to complete mental health counseling. Byrd's probation officer testified that, immediately following sentencing on June 12, 2015, Byrd personally appeared at the probation office and was assigned an appointment time on June 22, 2015, to meet with her. Byrd failed to attend the meeting. Similarly, the record is undisputed that Byrd had an appointment for June 18, 2015, to meet with mental health professionals, but he failed to attend that meeting and could not be reached by phone. Although Byrd directs us to

his self-serving testimony in which he gives excuses for his failures, this is simply a request for us to reweigh the evidence, which we may not do. The State presented sufficient evidence to support the trial court's determination by a preponderance of the evidence that Byrd violated his probation by committing a new crime, failing to keep all meetings with his probation officer, and failing to complete mental health counseling.

## Section 2 – The trial court did not abuse its discretion in revoking Byrd's probation and ordering him to serve 1059 days of his previously suspended sentence.

[13] Probation revocation involves a two-step process. "First, the court must make a factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." *Vernon v. State,* 903 N.E.2d 533, 537 (Ind. Ct. App. 2009), *trans. denied.* Where there is substantial evidence of probative value that a defendant violated any of the terms of his probation, we will uphold the trial court's revocation decision. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). If the court determines probation has been violated it may continue the person on probation, extend the probationary period for no more than a year beyond the original probationary period, or order execution of all or part of the previously suspended sentence at the initial hearing. Ind. Code § 35-38-2-3(h). Where a trial court has exercised its grace in granting a defendant probation rather than incarceration, it has considerable leeway in deciding how to proceed when the defendant then violates the conditions of his probation.

*Prewitt*, 878 N.E.2d at 188.   We review a trial court's sentencing decision for probation violations for an abuse of discretion.  *Heaton*, 984 N.E.2d at 616.

[14]   Byrd's argument that the trial court abused its discretion in revoking his probation is premised upon his claim of insufficient evidence, which we have already decided against him.  Thus, we find no abuse of discretion in the trial court's decision to revoke his probation.  Still, Byrd contends that imposition of virtually his entire suspended sentence was unwarranted given the nature of his violations and other mitigating circumstances, such as the fact that this was his first time violating his probation.  However, the record indicates that Byrd violated the conditions of his probation three times within a mere ten days of his sentencing.  Indeed, one of his violations occurred within hours of sentencing.  The object of probationary terms and conditions is to ensure that probation serves as a period of genuine rehabilitation.  By his behavior, Byrd has demonstrated that he is not committed to abide by the terms of his probation.  Under the circumstances, we cannot say that the trial court abused its discretion in revoking Byrd's probation and ordering him to serve 1059 days of his previously suspended sentence.

[15]   Affirmed.

Najam, J., and Robb, J., concur.