## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 24 2020, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Demario Dajuan Barnes, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | January 24, 2020 <br><br> Court of Appeals Case No. 19A-CR-1720 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Salvador Vasquez, Judge <br><br> The Honorable Natalie Bokota, Magistrate <br><br> Trial Court Cause No. 45G01-1609-F4-31 |

**Vaidik, Judge.**

# Case Summary

[1] Demario Dajuan Barnes admitted violating his community-corrections placement for not immediately returning to community corrections after clocking out of work, and the trial court ordered him to serve the remainder of his three-year sentence in the Department of Correction. He now appeals, arguing that he was not given the opportunity to offer mitigating evidence that his violation did not warrant revocation of his community-corrections placement and that the trial court abused its discretion in ordering him to serve the remainder of his sentence in the DOC. We affirm.

# Facts and Procedural History

[2] In January 2017, Barnes pled guilty to Level 4 felony burglary and was sentenced to three years in prison (to be served consecutive to his sentences in two other cause numbers). In June 2018, Barnes, pro se, filed a motion to modify his sentence. The trial court granted Barnes's motion and ordered him "to serve the remainder of his sentence in the Lake County Community Transition Court" ("CTC").[1] Appellant's App. Vol. II p. 85. Barnes started

---

[1] The Lake County Courts' website describes CTC as follows:

> The Lake County Community Transition Court (CTC) is a program designed to assist individuals transition from the Indiana Department of Correction (IDOC) back to their community while still being supervised. The Community Transition Court transfers the individuals' placement to Lake County Community Corrections eight (8) to twelve (12) months prior to their Earliest Possible Release Date (EPRD) from the IDOC. The process is intended to assist these individuals reengage in the community by offering more support than they would otherwise receive upon release from the IDOC.

CTC on July 16, 2018, and was placed in the Kimbrough Work Program. *Id.* at 115.

[3] Approximately three months after starting the Kimbrough Work Program, on October 10, 2018, Lake County Community Corrections filed a "petition to expel" Barnes from the program, alleging that he violated several rules. *Id.* at 92. Barnes was arrested and held without bond in the Lake County Jail. A hearing on the petition to expel was eventually held in January 2019. On January 15, the trial court denied the petition and ordered that Barnes "be returned to CTC." *Id.* at 113.

[4] A little over a month later, on February 24, Barnes was in a car with his girlfriend after clocking out of work and did not immediately return to community corrections, in violation of the Kimbrough Work Program's rules. The next day, February 25, Lake County Community Corrections asked the trial court to remand Barnes to the Lake County Jail "[d]ue to a program violation." *Id.* at 114. Barnes was arrested and held without bond. On March 5, Lake County Community Corrections filed a "petition to expel" Barnes from community corrections, claiming that he violated two rules of the Kimbrough Work Program. *Id.* at 115. Specifically, Barnes was alleged to have violated Rule 6 for having time that was unaccounted for on "numerous occasions" and Rule 52 for failing to pay fees. *See id.* ("When reviewing client's paystubs and

Lake County Courts, *Lake Cty. Cmty. Transition Court*, https://www.lakecountyin.org/portal/group/lc-courts/page/lctc (last visited Jan. 13, 2020).

time out of the building it was determined that he has had time that was unaccounted for on numerous occasions. Client's whereabout during these times are unknown.").

A hearing was held before a magistrate on June 25. At the hearing, defense counsel made a proffer that she had hired an investigator, who spoke with Barnes's employer and determined that "all but one" of the "numerous occasions" were actually accounted for, as the employer verified that Barnes had "work[ed] over" on those occasions. June 25, 2019 Tr. pp. 20, 23. The State did not dispute this proffer of evidence. Barnes admitted the February 24 incident, which the magistrate accepted. *See id.* at 22.[2]

Defense counsel then asked the magistrate to "allow[] [Barnes] to go back to" CTC. *Id.* at 24. Barnes explained that he did not return to community corrections on February 24 because his girlfriend was his ride and she had just found out she was pregnant and was suicidal. Barnes admitted that what he did "wasn't the smart thing to do"; however, he said that "life came at [him] at an unexpected moment" and that it was "really almost like a life or death situation" for his girlfriend. *Id.* at 26. Barnes asked the magistrate for "another chance" at CTC. *Id.* at 27. The magistrate ordered Barnes to serve the

---

[2] Defense counsel told the trial court that Barnes was also going to admit to failing to pay fees, but this was never addressed at the hearing.

remainder of his three-year sentence in the DOC[3] but said that she was going to take Barnes's request to go back to CTC "under advisement" so that she could "discuss[]" it with the presiding judge, Judge Vasquez. *Id.* at 25. The magistrate "set a date for ruling . . . on or before" July 2. *Id.* at 28. Later that same day, June 25, the following order was entered:

> Upon consultation with the presiding judge, the request to participate in [CTC] is denied. The defendant is to be transported to the Department of Correction for execution of the sentence imposed.

Appellant's App. Vol. II p. 132.

[7] Thereafter, Barnes filed a motion to set sentencing hearing, arguing that a sentencing hearing had been scheduled for July 2, but he was "not brought to Court" for that hearing. *Id.* at 133. Accordingly, he claimed that he was "denied his right to be present at Sentencing, his right to make a statement at sentencing & his right to present evidence for Sentencing." *Id.* The magistrate denied the motion, explaining that she did not set a sentencing hearing for July 2 but rather a date for **ruling** and that the sentencing hearing had already been held on June 25, at which time Barnes made a statement.[4] *Id.* at 135.

---

[3] According to the abstract of judgment, as of June 25, 2019, Barnes had 497 days of credit time to apply against his three-year sentence. Appellant's App. Vol. II p. 150.

[4] On appeal, Barnes appears to repeat his claim that the magistrate scheduled a sentencing hearing for July 2 but never held it. As just explained above, the magistrate set a date for ruling, not a sentencing hearing.

Barnes now appeals.

# Discussion and Decision

Barnes appeals the revocation of his community-corrections placement. For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community-corrections program the same as a hearing on a petition to revoke probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*. Both probation and community-corrections programs serve as alternatives to commitment to the Department of Correction and are made at the sole discretion of the trial court. *Id.* A defendant is not entitled to serve a sentence in either probation or a community-corrections program. *Id.* Rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Id.* (quotations omitted).

Barnes first contends that his due-process rights were violated because he did not have the opportunity to offer mitigating evidence that his violation did not warrant revocation of his community-corrections placement and that he should be returned to CTC. Probation revocation, and hence community-corrections revocation, is a two-step process. First, the court must make a factual determination that a violation of a condition of probation or community corrections actually occurred. *See Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). If a violation is proven, then the trial court must determine if the violation warrants revocation of probation or community corrections. *See id.*

[11] When a probationer or community-corrections participant admits to the violation, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *See id.* However, a probationer or community-corrections participant who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation. *See id.*

[12] Barnes argues that he "was not afforded the opportunity to fully address the question of his request for readmission to" CTC. Appellant's Br. p. 12. But Barnes was afforded this opportunity. At the June 25 hearing, both defense counsel and Barnes asked the magistrate to send him back to CTC despite his rule violation. Defense counsel argued that Barnes had already paid the price for his rule violation because he had been in the Lake County Jail for several months already. *See* June 25, 2019 Tr. p. 24. And Barnes testified about the circumstances surrounding his rule violation, claiming that it was a "life or death situation." *See id.* at 25-26. As for Barnes's related argument that he "should have been permitted a hearing before the presiding judge to make his case for readmission," Appellant's Br. pp. 12-13, he cites no authority that a hearing before the presiding judge is required when a magistrate consults with that judge in making a decision. There was no due-process violation here.

[13] Barnes next contends that the trial court "abused its discretion when it revoked his placement in community corrections and ordered him to serve the remainder of" his three-year sentence in the DOC. *Id.* at 9. He argues that his single rule violation "was not a sufficient basis upon which to remove [him]

from the transition court and to impose the full remainder of his sentence to be served in prison." *Id.* Instead, he claims that the court "should have permitted some portion of the sentence to be served in a placement which would permit some transitional assistance." *Id.* at 11.

[14] A trial court's sentencing decision for a community-corrections violation is reviewable using the abuse-of-discretion standard. *See Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). In addition, violation of a single condition of a community-corrections placement is sufficient to revoke that placement. *See Jenkins v. State*, 956 N.E.2d 146, 149 (Ind. Ct. App. 2011), *trans. denied*. Here, a little over one month after being returned to CTC after spending several months in jail, Barnes violated the Kimbrough Work Program's rules by not immediately returning to community corrections after clocking out of work. He explained that he did not immediately return because he was faced with the imminent threat of his girlfriend's suicide. The magistrate, however, was not persuaded:

> So when you commit a crime and you're incarcerated, you give up the opportunity to be present with family for a variety of moments. A family member is dying, you can't be there. A child is being born, you can't be there. Someone is going to commit suicide, you need to call 911, you can't be there.
>
> * * * * *
>
> You have no right . . . to decide that you're not going to go back to the center. You're serving a sentence, just like if you were in prison. It's technically an escape is what it is. You could have

been charged with another felony for not getting back there on time. And so in a way, you're really receiving a benefit by just being made to serve out this sentence.

June 25, 2019 Tr. pp. 26, 27. When Barnes told the magistrate that he felt he deserved "another chance," the magistrate responded:

> Well, why would the Court feel confident that if something else came up down the line you wouldn't think that you have the right to make that decision to not fulfill your sentence again?

*Id.* at 27. Given that Barnes was given the benefit of participating in CTC and then violated the rules for—as he puts it—"no reason" a little over one month after being returned to CTC, *id.* at 26, we affirm the trial court's revocation of his community-corrections placement and its order that he serve the remainder of his sentence in the DOC.

[15] Affirmed.

Najam, J., and Tavitas, J., concur.