**Brandon VERNON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A02–0807–CR–659.**

Court of Appeals of Indiana.

March 30, 2009.

Transfer Denied May 14, 2009.

---

John T. Wilson, Anderson, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Brandon Vernon appeals the revocation of his probation. Specifically, he contends that the trial court erred in not allowing him to present evidence that explained and mitigated his probation violation. Because Vernon did not admit to all the allegations in the probation violation petition, the trial court held an evidentiary hearing on the remaining allegations. Vernon was thus afforded the opportunity at this evidentiary hearing to present evidence that suggested that the violation did not warrant revocation. We therefore affirm.

### Facts and Procedural History

In 2008, Vernon was on probation in Madison County and was participating in the RIGHT program with the Madison County Community Justice Center as a result of several convictions under two trial court cause numbers.[1] On April 21, 2008, Vernon was arrested for (and later charged with) resisting law enforcement, driving while suspended, leaving the scene of an accident, and theft. On April 23, 2008, the Community Justice Center filed a Violation of the RIGHT Program. Then, on May 1, 2008, the State filed a Notice of Probation Violation alleging that Vernon violated his probation by committing new crimes and by failing to complete the RIGHT program.

An evidentiary hearing was held on June 16, 2008. At the beginning of the evidentiary hearing, Vernon's attorney indicated that Vernon was going to admit to violating his probation by committing the crime of driving while suspended and by failing to complete the RIGHT program. However, the trial court proceeded with the evidentiary hearing and held off on accepting the admissions until Vernon himself testified. Next, the State presented the testimony of several witnesses followed by Vernon taking the stand and telling his version of the events. The State then called a rebuttal witness. After the parties presented closing arguments, the trial court asked Vernon if he wished to admit to some of the violations. Vernon admitted to committing the crime of driving while suspended and violating the RIGHT program.[2] Tr. p. 73. The trial court found that the State proved that

---

1. Vernon was originally sentenced to the Department of Correction for his convictions under these cause numbers. However, in February 2007, Vernon's sentence was modified to work release. Then, in August 2007, Vernon's work release was modified to probation.

2. Evidence of a single probation violation is sufficient to sustain the revocation of probation. *Smith v. State*, 727 N.E.2d 763, 766 (Ind.Ct.App.2000).

Vernon committed the other crimes beyond a reasonable doubt.[3] *Id.* Accordingly, the court concluded that Vernon violated the conditions of his probation, revoked Vernon's probation, and sent him back to the Department of Correction. *Id.* at 73–74; *see also* Appellant's App. p. 36.

At this point, Vernon's attorney said that he would like to tell the court "some of the good [Vernon's] done. Ah, and maybe he can be put on work release so I can have access to him instead of going down to the prison. If I could just get . . . Five (5) minutes just to tell you what he's doing I think. . . ." Tr. p. 74. The prosecutor responded:

> Judge, he told us how good he was doing when he was modified from prison to work release in February over objection and again how good he was doing when he was modified over objection from work release to probation back in August of last year. So within One (1) year, he had Two (2) modifications and has committed Five (5) new crimes, so. . . . We're objecting to any further testimony.

*Id.* The trial court concluded:

> Unfortunately Mr. Vernon is not going to receive any leniency from me because I gave him an opportunity to come out of prison and behave himself well and this is the ah, thanks he's given the opportunity I've given him. So, this case is over. And I'll appoint John Wilson to effect a timely appeal *because this was an evidentiary hearing.*

*Id.* at 75 (emphasis added). Vernon now appeals the revocation of his probation under both trial court cause numbers.

**Discussion and Decision**

Vernon contends that the trial court did not follow the proper procedure in revoking his probation. Specifically, he argues that the trial court did not allow him to present evidence that explained and mitigated his probation violation.

When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Terrell v. State*, 886 N.E.2d 98, 100 (Ind.Ct.App.2008), *trans. denied.* Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Id.* However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. *Id.* Probation revocation implicates a defendant's liberty interest, which entitles him to some procedural due process. *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). Because probation revocation does not deprive a defendant of his absolute liberty, but only his conditional liberty, he is not entitled to the full due process rights afforded a defendant in a criminal proceeding. *Id.*

The minimum requirements of due process include: (a) written notice of the claimed violations of probation; (b) disclosure of evidence against him; (c) opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking

**3.** Indiana Code § 35–38–2–3(e) only requires the State to prove a probation violation by a preponderance of the evidence.

probation. *Id.* at 100–01 (citing *Morrissey,* 408 U.S. at 489, 92 S.Ct. 2593); *see also Woods v. State,* 892 N.E.2d 637, 640 (Ind.2008).

 Probation revocation is a two-step process. *Woods,* 892 N.E.2d at 640; *Terrell,* 886 N.E.2d at 101. First, the court must make a factual determination that a violation of a condition of probation actually occurred. *Woods,* 892 N.E.2d at 640; *Terrell,* 886 N.E.2d at 101. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Woods,* 892 N.E.2d at 640; *Terrell,* 886 N.E.2d at 101. Indiana has codified the due process requirements at Indiana Code § 35–38–2–3 by requiring that an evidentiary hearing be held on the revocation and providing for confrontation and cross-examination of witnesses and representation by counsel. *Woods,* 892 N.E.2d at 640; *Terrell,* 886 N.E.2d at 100; *see also* Indiana Code § 35–38–2–3(d), (e). When a probationer admits to the violation, the procedural due process safeguards and an evidentiary hearing are not necessary. *Woods,* 892 N.E.2d at 640; *Terrell,* 886 N.E.2d at 101. Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Woods,* 892 N.E.2d at 640; *Terrell,* 886 N.E.2d at 101. But "even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." *Woods,* 892 N.E.2d at 640 (citing *United States v. Holland,* 850 F.2d 1048, 1051 (5th Cir.1988)).[4]

 Vernon argues that his rights were violated because "the trail [sic] court skipped the second step of the process and Vernon was no [sic] allowed to present evidence that explains and mitigates his violation." Appellant's Br. p. 10. Specifically, Vernon's trial attorney wanted to present evidence of the "good he's done." *Id.* We first point out that because Vernon did not admit to *all* the allegations in the probation violation petition, the trial court held an evidentiary hearing on the remaining allegations. Specifically, Vernon testified at the evidentiary hearing that he did not steal any catalytic converters (the basis of the theft charge) and denied that an officer had ordered him to stop and chased him (the basis of the resisting law enforcement charge). As such, this is not a case where an evidentiary hearing was unnecessary.

Instead, the record shows that Vernon was afforded an evidentiary hearing. And, he points to no authority showing that he is entitled to another one. *See Morrissey,* 408 U.S. at 488, 92 S.Ct. 2593 ("The [defendant] must have *an opportunity* to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation.") (emphasis added). If the trial court had proceeded straight to the second step, *then* Vernon would have been entitled to present evidence that suggested that the violation did not warrant revocation. However, Vernon was afforded this opportunity during the evidentiary hearing at which he testified that he did not commit all the crimes with which he was charged. We

---

4. This Court, also citing *Holland,* has articulated the test a little differently. That is, we have said that in making the determination of whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. *Terrell,* 886 N.E.2d at 101; *Parker v. State,* 676 N.E.2d 1083, 1086 n. 4 (Ind.Ct.App.1997) (citing *Holland,* 850 F.2d at 1051). The tests are equivalent.

therefore affirm the revocation of his probation.

Affirmed.

RILEY, J., and DARDEN, J., concur.