## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Jacob P. Wahl
Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark A. Drescher,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 23, 2015<br><br>Court of Appeals Case No.<br>19A01-1507-CR-828<br><br>Appeal from the Dubois Circuit Court<br><br>The Honorable Mark R. McConnell, Special Judge<br><br>Trial Court Cause Nos.<br>19C01-1307-CM-656 and<br>19C01-1312-CM-966 |

**Crone, Judge.**

# Case Summary

Mark A. Drescher appeals the trial court's revocation of his probation. Drescher pled guilty to two class A misdemeanors and received consecutive one-year sentences with all but 275 days suspended to probation. After his arrest on additional charges, the State filed a petition to revoke probation. The trial court held a revocation hearing, found a violation of probation by a preponderance of the evidence, and ordered that Drescher serve the balance of his previously suspended sentences. On appeal, Drescher contends that there was insufficient evidence to support the trial court's finding that he violated his probation and that the trial court abused its discretion in revoking his probation and imposing his previously suspended sentences. Finding the evidence sufficient and no abuse of discretion, we affirm.

# Facts and Procedural History

In January 2014, Drescher pled guilty to class A misdemeanor battery resulting in bodily injury in cause number 19C01-1307-CM-656 and class A misdemeanor domestic battery in cause number 19C01-1312-CM-966. The victim in the domestic battery was E.N. The trial court sentenced Drescher to consecutive sentences of one year suspended for the battery resulting in bodily injury and one year, with ninety-days suspended, for the domestic battery. The court permitted Drescher to serve the executed portion of his domestic battery sentence on work release. One condition of his probation was to "[n]ot be arrested for any criminal offense where there is probable cause." Appellant's App. at 74.

[3]     On December 27, 2014, Drescher was arrested and charged with two level 5 felonies: battery by means of a deadly weapon and intimidation. The alleged victim in both crimes was again E.N. The State filed a petition to revoke Drescher's probation. A revocation evidentiary hearing was held on June 10, 2015.

[4]     During the revocation hearing, Dubois County Sheriff's Deputy Donna Hurt testified that she was working the overnight shift on December 27, 2014, when E.N. came into the station looking distraught and requesting assistance. Deputy Hurt observed red marks on E.N.'s face and neck, as well as mud on her clothes. Deputy Hurt interviewed E.N.[1] E.N. told Deputy Hurt that she "had been battered" by Drescher. Tr. at 34. She stated that she and Drescher had been drinking alcohol together and driving around in his truck. E.N. reported that Drescher started "acting a little weird" and then suddenly "[f]lipped out and grabbed her pony tail and started banging her head against the glass window on the passenger side of the truck." *Id.* at 54. Deputy Hurt testified that E.N. stated that Drescher then held a long butcher knife to her throat before throwing her to the ground and repeatedly poking her in the chest with the knife. E.N. further informed Deputy Hurt that Drescher asked her if "she was ready to die." *Id.* E.N. stated that, after the ordeal, Drescher drove her to the motel parking lot across from the sheriff's station, told her to "go tell

---

[1] We note that Drescher objected to Deputy Hurt's testimony regarding what E.N. told her during the interview on the basis of hearsay. The trial court overruled the objection. Tr. at 33.

the sheriff what happened," and indicated that he planned to go kill himself. *Id.* at 55. Deputy Hurt photographed the marks on E.N.'s chest, neck, and face. Deputy Hurt testified that E.N. appeared "very fearful" and "afraid for her life" at the time of the interview. *Id.* at 42.

[5] Deputy Josh Smith also testified at the revocation hearing. He stated that Deputy Hurt called him while he was on patrol on the night in question and relayed E.N.'s story along with a description of Drescher and the truck he was driving. Deputy Smith was able to locate Drescher driving a truck matching the description, and brought him to the station. Both Deputy Smith and Deputy Hurt testified that Drescher, who smelled of alcohol and had obviously been drinking, confirmed E.N.'s story regarding the events of the evening but claimed that he, rather than E.N., was the victim. The deputies found no injuries on Drescher but discovered three knives in his truck.

[6] Deputy Smith stated that he attempted to serve a subpoena on E.N. compelling her to attend the revocation hearing but was unable to locate her. Deputy Smith testified that he was able to reach her on the phone and that she stated that she wanted nothing to do with Drescher or any subpoena, and then ended the call.

[7] At the conclusion of the hearing, the trial court found that the State had proved by a preponderance of the evidence that probable cause existed for Drescher's arrest on the new charges, and therefore that Drescher had violated a condition of his probation. The trial court revoked Drescher's probation and imposed the

balance of his previously suspended sentence minus credit for time served on the new charges, which resulted in a total executed sentence of 295 days. This appeal ensued.

## Discussion and Decision

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). We review a trial court's decision to revoke probation for an abuse of discretion. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

## Section 1 – Sufficient evidence supports the trial court's finding that Drescher violated his probation.

A probation revocation proceeding is in the nature of a civil proceeding, and therefore the alleged violation need be established only by a preponderance of the evidence. *Jenkins v. State,* 956 N.E.2d 146, 148 (Ind. Ct. App. 2011), *trans. denied* (2012). Violation of a single condition is sufficient to revoke probation. *Id.* As with other sufficiency issues, we do not reweigh the evidence or judge the credibility of witnesses. *Id.* We look only to the evidence which supports the judgment and any reasonable inferences flowing therefrom. *Id.* If there is

substantial evidence of probative value to support the trial court's decision that the probationer committed a violation, revocation of probation is appropriate. *Id.*

[10] Drescher contends that the evidence is insufficient because the trial court relied solely upon inadmissible hearsay evidence to revoke his probation. Specifically, he argues that "since there are no witnesses with firsthand knowledge" of the incidents leading to his arrest on the new charges, "there is insufficient evidence" that he violated a condition of his probation. Appellant's Br. at 14. We disagree.

[11] The trial court's decision to admit or exclude evidence in a probation revocation hearing is reviewed for an abuse of discretion. *Figures v. State*, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010). We note that the due process requirements for probation revocation hearings are more flexible than in a criminal prosecution. *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). Thus, courts may admit evidence during probation revocation hearings that would not be admissible in criminal trials. *Id.* Specifically, because the Indiana Rules of Evidence do not apply in probation revocation hearings, the general rule against hearsay is inapplicable. *See* Ind. Evidence Rule 101(d)(2). Instead, hearsay evidence may be admitted without violating a probationer's right to confrontation if the trial court finds that the hearsay is substantially trustworthy. *Figures*, 920 N.E.2d at 271. Although ideally the trial court should explain on the record why the hearsay is substantially trustworthy or sufficiently reliable to be admissible, *see id.*, the absence of such explanation does not require reversal.

[12] Our review of the record in the light most favorable to the trial court's decision convinces us that, despite the trial court's failure to specifically say so, the hearsay testimony presented by Deputies Hurt and Smith met the substantial trustworthiness test, and thus the trial court did not abuse its discretion in admitting the evidence. Deputy Hurt interviewed a visibly injured, distraught, and fearful E.N. who appeared at the police station shortly after the alleged battery and intimidation. Deputy Hurt personally observed injuries to E.N. that were consistent with and corroborated her statements. Photos of E.N.'s injuries were admitted into evidence. The knives subsequently located in Drescher's truck during the investigation further corroborated the reliability of E.N.'s statements. Deputy Smith testified regarding the course of his investigation based upon E.N.'s statements to Deputy Hurt and further explained his unavailing efforts to procure E.N.'s attendance at the revocation hearing.

[13] Under the circumstances, the trial court's decision to admit the hearsay evidence is not clearly against the logic and effect of the facts and circumstances before it. Considering the testimony of both deputies along with all the relevant inferences that can be drawn therefrom, we conclude that the State established by a preponderance of the evidence that Drescher was arrested for a criminal offense where there was probable cause, thereby violating a condition of his probation. Therefore, sufficient evidence supports the trial court's finding that Drescher violated his probation.

# Section 2 – The trial court did not abuse its discretion in revoking Drescher's probation and imposing his previously suspended sentences.

[14]    Probation revocation is a two-step process. "First, the court must make a factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." *Vernon v. State*, 903 N.E.2d 533, 537 (Ind. Ct. App. 2009) (citations omitted), *trans. denied*. During the second step of the inquiry, the probationer must be given an opportunity to present evidence that explains or mitigates his violation. *Alford v. State*, 965 N.E.2d 133, 135 (Ind. Ct. App. 2012), *trans. denied*.

[15]    A trial court's decision to revoke probation and its subsequent sentencing decision are reviewed for an abuse of discretion. *Sparks v. State,* 983 N.E.2d 221, 224 (Ind. Ct. App. 2013), *opinion on reh'g*. Once a trial court has concluded that probation has been violated, it may continue the defendant on probation, extend the probationary period for not more than one year beyond the original period, or order all or part of the previously suspended sentence to be executed. Ind. Code § 35-38-2-3(h)(3). Where a trial court has exercised its grace in granting a defendant probation rather than incarceration, it has considerable leeway in deciding how to proceed when the defendant then violates the conditions of his probation. *Prewitt*, 878 N.E.2d at 188.

[16]    Drescher's only complaint regarding the trial court's decision to revoke his probation and impose his previously suspended sentences is that he was

somehow denied the opportunity to present evidence that explained or mitigated his probation violation. Appellant's Br. at 15. We note that Drescher appeared with counsel at the revocation hearing. After the State presented its witnesses, and Drescher's counsel cross-examined the same, Drescher declined to testify or present any witnesses or evidence. Drescher's counsel did present a closing argument as to why revocation was unwarranted. Under the circumstances, we fail to see how Drescher was denied any opportunity to which he was entitled. As Drescher makes no further claim that the trial court abused its discretion as to revocation, sentencing, or otherwise, we decline to say more on this issue.

[17] Based on the foregoing, we conclude that there was sufficient evidence to support the finding of a probation violation, and the trial court did not abuse its discretion in revoking Drescher's probation and imposing his previously suspended sentences. The judgment of the trial court is affirmed.

[18] Affirmed.

Vaidik, C.J., and Bailey, J., concur.