## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Feb 16 2016, 8:30 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael Frischkorn
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE

Gregory Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Graham,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 16, 2016

Court of Appeals Case No.
48A02-1505-CR-414

Appeal from the Madison Circuit Court

The Honorable Dennis D. Carroll, Judge

Trial Court Cause No.
48C06-1202-FC-304

**Crone, Judge.**

## Case Summary

Kevin Graham appeals the trial court's revocation of his probation and the imposition of the previously suspended portion of his sentence. Graham contends that there was insufficient evidence to support the trial court's finding that he violated his probation and that the trial court abused its discretion in revoking his probation and imposing his previously suspended sentence. Finding the evidence sufficient and no abuse of discretion, we affirm.

## Facts and Procedural History

In May 2012, Graham pled guilty to two counts of class C felony forgery and one count of class D felony receiving stolen property. The trial court sentenced Graham to concurrent seven-year sentences for the class C felonies and a consecutive term of two years for the class D felony. Graham was sentenced to nine years in the Department of Correction, with four years suspended to probation. As a condition of probation, Graham was ordered to pay $909.24 in restitution at a rate of no less than $50 per month, submit to random urine screens, to refrain from committing any new crimes, and to report any arrest to his probation officer within forty-eight hours.

In October 2014, Cindy Overmyer attended a Zionsville Community High School football game. The next morning her credit card companies called about suspicious credit card activity occurring at gas stations along Interstate 65. Overmyer checked her purse and wallet and discovered that her credit cards and checks were missing.

[4] Zionsville Police Department Detective Joshua Samuelson began to investigate the theft and unauthorized use of Overmyer's credit cards. He watched surveillance video footage from the gas stations along Interstate 65 between Lebanon and Lafayette and saw a man using Overmyer's credit cards. Detective Samuelson sent still photos from the surveillance footage to several area investigators. Detective Dan Boutwell from the Whitestown Police Department, who had previous dealings with Graham, saw the photos and identified Graham as the man using Overmyer's credit cards.

[5] Detective Samuelson obtained Graham's driver's license photo and compared it to the man in the video footage. He determined that Graham was the person in the videos. Next, Detective Samuelson obtained Graham's cell phone number, dialed it, and spoke with a man who identified himself as Graham. Detective Samuelson was able to acquire location information regarding Graham's phone from his cellular carrier company. This information placed Graham in the general location of the Zionsville High School football game where the initial theft took place and at the gas stations when and where the unauthorized credit card use occurred. Graham was subsequently arrested and charged with two counts of level 6 felony fraud and one count of class A misdemeanor theft.

[6] In January 2015, the probation department alleged that Graham violated his probation by committing new criminal offenses, failing to report his arrest, failing to pay restitution, and failing to submit to urine screens. At an evidentiary hearing, Graham admitted that he had failed to report his arrest and pay restitution. The trial court found that Graham violated his probation by

committing new criminal offenses, failing to report his arrest within forty-eight hours, and failing to pay restitution. The trial court revoked Graham's probation and imposed the balance of his previously suspended sentence. This appeal ensued.

## Discussion and Decision

## Section 1- Sufficient evidence supports the trial court's finding that Graham violated his probation.

[7] Graham contends that the evidence is insufficient to support the trial court's finding that he violated his probation. A probation revocation proceeding is in the nature of a civil proceeding, and therefore the alleged violation need be established only by a preponderance of the evidence. *Jenkins v. State*, 956 N.E.2d 146, 148 (Ind. Ct. App. 2011), *trans. denied* (2012). Violation of a single condition is sufficient to revoke probation. *Id*. We consider only the evidence most favorable to the trial court's judgment and do not reweigh the evidence or judge the credibility of the witnesses. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008).

[8] Graham argues that Detective Samuelson did not investigate the possibility that it was his identical twin brother on the surveillance video footage, and therefore the State did not prove by a preponderance of the evidence that he committed level 6 felony fraud and class A misdemeanor of theft. We disagree. Moreover, we reiterate that Graham admitted to violating two other conditions of his probation, either one of which would have been sufficient to support the

revocation of his probation. The evidence most favorable to the trial court's decision indicates that Graham stole Cindy's credit cards and used them to obtain almost $2000 worth of property from various gas stations. Not only was his use of the credit cards caught on tape and identified by detectives, but his cell phone location coincided with when and where the cards were taken and the unauthorized transactions took place. All of this evidence implicates Graham; he requests us to reweigh evidence, which we will not do. *Woods*, 892 N.E.2d at 639. We conclude that the State established by a preponderance of the evidence that Graham violated his probation by committing fraud and theft.

## Section 2 - The trial court did not abuse its discretion in revoking Graham's probation and imposing the previously suspended portion of his sentence.

[9] Probation revocation is a two-step process. "First, the court must make a factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." *Vernon v. State*, 903 N.E.2d 533, 537 (Ind. Ct. App. 2009), *trans. denied*. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State* 984 N.E.2d 614, 616 (Ind. 2013). Where there is substantial evidence of probative value that a defendant has

violated any of the terms of his probation, we will uphold the trial court's revocation decision. *Woods*, 892 N.E.2d at 639.

[10] A trial court's sentencing decision for probation violations is reviewable for abuse of discretion. *Heaton*, 984 N.E.2d at 616. An abuse of discretion occurs only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *State v. Hunter*, 898 N.E.2d 455, 458 (Ind. Ct. App. 2008). A trial court may "order execution of all or part of the sentence that was suspended at the time of initial sentencing" as long as the proper procedures for probation revocation have been followed. Ind. Code § 35-38-2-3(h)(3); *Wilkerson v. State*, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009).

[11] Graham's argument that the trial court abused its discretion in revoking his probation is premised upon his claim of insufficient evidence, which we have already decided against him. Therefore, we find no abuse of discretion and affirm the trial court's revocation of his probation.

[12] Affirmed.

Vaidik, C.J., and Bailey, J., concur.