## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 29 2016, 9:28 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

David W. Stone, IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cortez Laquez McDonald, *Appellant-Defendant,* | February 29, 2016 |
| v. | Court of Appeals Case No. 48A04-1507-CR-881 |
| | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Angela Warner Sims, Judge |
| | Trial Court Cause No. 48C01-1207-FD-1227 |

**Crone, Judge.**

# Case Summary

Cortez Laquez McDonald appeals the trial court's revocation of his community corrections placement at the Continuum of Sanctions ("COS"). McDonald contends that there was insufficient evidence to support the trial court's finding that he violated the terms of his community corrections program and that the trial court abused its discretion in revoking his community corrections placement. Finding the evidence sufficient and no abuse of discretion, we affirm.

# Facts and Procedural History

In April 2013, McDonald pled guilty to class A misdemeanor possession of marijuana. The trial court sentenced McDonald to twelve months in the COS day reporting program, to be served consecutive to his sentence in a different case. Placement in the COS program required McDonald to adhere to the following conditions: complete the HIRE program, pay certain fees, submit to urine drug screens, and obey all laws of the United States and Indiana Tr. at 41, 43.

In December 2014, McDonald began living with his girlfriend Laney Hendricks. In March 2015, McDonald became upset because Hendricks was not home when he returned around one in the morning. The couple began arguing over the phone and through text messages. When Hendricks arrived home about thirty minutes later, the argument became physical. McDonald slapped Hendricks with his open hand, grabbed her shirt, and pushed her

around the apartment several times, causing scratches on her chest. *Id*. at 19-22. When Hendricks wanted to leave the apartment, McDonald took her phone and keys and stood in front of the door, prohibiting her from leaving. Several hours later, McDonald gave Hendricks her things and she left. Later, Hendricks went to the Anderson Police Department and gave a statement alleging that McDonald threatened her with bodily harm while armed with a gun. Officer Joe Garrett took Hendricks's report and stated that there were visible scratches on her neck and chest area. *Id*. at 37. In April 2015, McDonald was arrested and charged with criminal confinement, intimidation, pointing a firearm, and domestic battery.

[4]    In April 2015, the COS director filed a notice of termination alleging that McDonald had violated the terms of the COS program by failing to complete the HIRE program, failing to pay $53 in fees, failing three drug screens by testing positive for marijuana, and committing the aforementioned new criminal offenses. The trial court held evidentiary hearings on May 26 and June 29, 2015. At the first hearing, McDonald appeared with counsel and admitted that he had failed to complete the HIRE program, was not current with his fees, and had used marijuana once during the relevant time. *Id*. at 5-6. At the second hearing, Hendricks admitted that a firearm had not been involved in the incident and that she had lied to get McDonald a harsher punishment. *Id*. at 24-25. McDonald's attorney conceded that McDonald had violated the terms of his community corrections program as to the HIRE program, fees, and

drug screens, and stated that the only violation at issue was the new criminal offenses. *Id*. at 43.

[5] In light of the testimony given during the evidentiary hearings, the trial court found that McDonald had violated the terms of his community corrections placement by failing to complete the HIRE program, failing to pay fees, testing positive for marijuana three times, and committing criminal confinement and domestic battery against Hendricks. The trial court revoked McDonald's COS placement and ordered him to serve 359 days in the county jail. This appeal ensued.

## Discussion and Decision

## Section 1 – Sufficient evidence supports the trial court's finding that McDonald violated the terms of his community corrections program.

[6] McDonald contends that the evidence is insufficient to support the trial court's finding that he violated the terms of his community corrections program. Both probation and community corrections programs serve as alternatives to commitment to the Department of Correction, and both are made at the sole discretion of the trial court. *Treece v. State*, 10 N.E.3d 52, 56 (Ind. Ct. App. 2014), *trans. denied*. A revocation of community corrections placement hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Id.* We consider only the evidence most favorable to the trial court's judgment and do not reweigh the evidence or judge the credibility of the witnesses. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008).

[7] McDonald argues that the trial court's findings regarding the HIRE program, fees, and drug screens are not supported by his admission. Further, he argues that the court's reliance on Hendricks's testimony is improper and therefore the State did not prove by a preponderance of the evidence that he violated the terms of his community corrections program. We disagree.

[8] As indicated above, McDonald's counsel admitted that McDonald violated the terms of his COS program by failing to complete the HIRE program, failing to pay his program fees, and failing three urine drug screens; the only violation at issue was the commission of the new criminal offenses. "A clear and unequivocal admission of fact by an attorney is a judicial admission which is binding on the client." *Parker v. State*, 676 N.E.2d 1083, 1086 (Ind. Ct. App. 1997). Consequently, McDonald may not challenge the admitted violations on appeal.[1]

[9] McDonald argues that the trial court's reliance on Hendricks's testimony for his offenses of criminal confinement and domestic battery is improper because she lied about whether a gun was involved in the incident and therefore cannot be deemed credible. This is merely a request for us to reweigh the evidence and

---

[1] Notwithstanding, McDonald's argument lacks merit. He contends that he was unable to complete the HIRE program because he was incarcerated; we fail to see how being jailed for new criminal offenses is a valid excuse for not complying with a community corrections requirement. Next, he argues that the State had the burden to prove that he could pay his fees, caselaw tells us otherwise. "[I]t is the defendant probationer's burden … to show facts related to an inability to pay." *Runyon v. State*, 939 N.E.2d 613, 617 (Ind. 2010). Finally, McDonald asserts that he used marijuana once and not three times, as the trial court found. An admission to a single violation is sufficient to revoke community corrections placement. *Treece,* 10 N.E.3d at 60.

judge Hendricks's credibility, which we will not do. *Woods,* 892 N.E.2d at 639. The trial court did not find that McDonald pointed a firearm at Hendricks, and Officer Garrett testified that Hendricks had visible scratches on her neck and chest.[2] We conclude that the State established by a preponderance of the evidence that McDonald violated the terms of his COS program as found by the trial court.

## Section 2 - The trial court did not abuse its discretion in revoking McDonald's community corrections placement.

McDonald also contends that the trial court abused its discretion in revoking his community corrections placement. A defendant is not entitled to serve a sentence in either probation or a community corrections program. *Treece,* 10 N.E.3d at 56. Placement in either is a matter of grace and a conditional liberty that is a favor, not a right. *Id.* The standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. *Id.* First, the court must make a factual determination that a violation of a condition actually occurred. *Vernon v. State*, 903 N.E.2d 533, 537 (Ind. Ct. App. 2009), *trans. denied.* If a violation is proven, then the trial court must determine if the violation warrants a revocation. *Id.* Violation of a single condition of placement is sufficient to revoke placement. *Treece,* 10 N.E.3d at 60.

---

[2] Consequently, we reject McDonald's invitation to apply the incredible dubiosity doctrine.

[11] A trial court's sentencing decision to revoke a defendant's placement in community corrections is reviewed for an abuse of discretion. An abuse of discretion occurs only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *State v. Hunter*, 898 N.E.2d 455, 458 (Ind. Ct. App. 2008). Indiana Code Section 35-38-2.6-5 (2014) states that if a person violates the terms of the placement, the court may, after a hearing, do any of the following: change the terms of the placement, continue the placement, or revoke the placement and commit the person to the Department of Correction for the remainder of the person's sentence.

[12] McDonald's argument that the trial court abused its discretion in revoking his community corrections placement is premised upon his claim that one or more of the trial court's findings of violations were improper, which we have already decided against him. Moreover, his admission to violating three conditions of the community corrections program is alone sufficient to warrant revocation. Therefore, we find no abuse of discretion and affirm the trial court's revocation of his community corrections placement.

[13] Affirmed.

Vaidik, C.J., and Bailey, J., concur.