## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2016, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard Walker
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terrance Smoots, Jr., *Appellant-Defendant,* | March 31, 2016 |
| v. | Court of Appeals Case No. 48A02-1506-CR-746 |
| | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Mark Dudley, Judge |
| | Trial Court Cause No. 48C06-1112-FB-2280 |

**Najam, Judge.**

# Statement of the Case

Terrance Smoots, Jr. appeals the trial court's revocation of his probation. Smoots raises a single issue for our review, namely, whether the trial court denied him his due process rights under the Fourteenth Amendment. We affirm.

# Facts and Procedural History

On July 30, 2012, Smoots pleaded guilty to robbery, as a Class C felony. Pursuant to a plea agreement, the trial court sentenced Smoots as follows: five years at the Department of Correction ("DOC"); one year in community corrections; and two years on probation. On December 16, 2014, after having completed the executed portion of his sentence, Smoots began his one-year work release sentence at the Madison County Work Release Center ("Work Release Center"). Within two months of being on work release, Smoots had repeated incidents of violating work release rules. On February 13, 2015, the State filed a petition to terminate Smoots from Work Release due to Smoots leaving work without authorization, and the trial court issued a warrant for his arrest. That same day, Smoots reported to officers at the Work Release Center that he had vomited blood, and an officer transported Smoots to a local hospital. Smoots did not return to the Work Release Center upon his discharge from the hospital.

On May 7, 2015, Officers Dustin Armstrong and Joe Garrett of the Anderson City Police Department questioned Smoots during a traffic stop and noticed an

odor of marijuana coming from Smoots' vehicle. Smoots gave the officers a fake name, and, when the officers learned of Smoots' true identity, Smoots fled. Officers eventually found Smoots and took him into custody without further incident.

[4] On May 13, the State filed a second petition to terminate Smoots from the Work Release program based on Smoots' failure to do the following: return to lawful detention despite notice provided on February 13 and 18; failure to return to lawful detention, as a Level 6 felony; escape, as a Level 5 felony; false informing, as a Class A misdemeanor; and possession of marijuana, as a Class A misdemeanor.

[5] Following a hearing on the State's petition to terminate Smoots from Work Release, the trial court found that Smoots had failed to successfully complete his work release and had failed to return to lawful detention. The trial court sentenced Smoots to three years executed in the DOC with 126 days credit time. This appeal ensued.

## Discussion and Decision

[6] Smoots contends that he was denied due process when the trial court denied him the ability to present mitigating evidence prior to the revocation of his probation. While distinguished from criminal trials, probation revocation hearings are regulated by the Due Process Clause of the Fourteenth Amendment. U.S. Const. amend. XIV; *Medicus v. State*, 664 N.E.2d 1163, 1164 (Ind. 1996). The minimum requirements of due process provided to a

probationer at a revocation hearing include: "(a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body." *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).

[7] For purposes of appellate review, we review a hearing on a petition to revoke a placement in a community corrections program the same way we review a ruling on a petition to revoke probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). "A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Id.* (quoting *Gilfillen v. State*, 582 N.E.2d 821, 824 (Ind. 1991)).

[8] Smoots' only argument on appeal is that the trial court denied him due process when the court allegedly refused to allow him an opportunity to present mitigating evidence to prove that the violations did "not warrant revocation." Appellant's Br. at 9. However, Smoots had a full evidentiary hearing, was represented by counsel, and was given the opportunity to present evidence. After the State rested its case, Smoots' defense counsel, rather than presenting evidence, went straight into closing argument. Nothing in the transcript shows that defense counsel attempted to present mitigating evidence but was denied such an opportunity by the trial court. Because the trial court afforded Smoots an evidentiary hearing, including an opportunity to present mitigating evidence at that hearing, he has not shown that the trial court denied him his right to due

process. *See, e.g.*, *Vernon v. State*, 903 N.E.2d 533, 537 (Ind. Ct. App. 2009) (holding that the trial court did not violate the defendant's due process rights because the defendant was afforded an evidentiary hearing and, thus, was provided an opportunity to present mitigating evidence).

[9] Moreover, Smoots does not explain on appeal what mitigating evidence he would have presented to the trial court to prove that revocation of his probation was not warranted. "[A] bald assertion of prejudice is insufficient to overcome the burden placed upon the complaining party to affirmatively show prejudice. This court will not presume prejudice." *Plan-Tec, Inc. v. Wiggins*, 443 N.E.2d 1212, 1233 (Ind. Ct. App. 1983). Thus, even if the trial court had denied him the opportunity to present evidence, which it did not, Smoots has not shown that the alleged error prejudiced him. The trial court did not err when it revoked Smoots' probation.[1]

[10] Affirmed.

Riley, J., and May, J., concur.

---

[1] Smoots does not challenge the sentence the trial court imposed upon revoking his probation.