## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 12 2016, 9:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bradley Dyer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 12, 2016

Court of Appeals Case No.
69A05-1604-CR-888

Appeal from the Ripley Superior Court

The Honorable Jeffrey Sharp, Judge

Trial Court Cause No.
69D01-1312-FD-179

**Crone, Judge.**

# Case Summary

[1] Bradley Dyer appeals the trial court's revocation of his probation. The sole issue presented for our review is whether the trial court abused its discretion when it revoked Dyer's probation and ordered him to serve his entire suspended sentence. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

[2] In December 2013, Dyer had a fistfight with a police officer who intervened when he realized that Dyer was about to hit a woman. Dyer was charged with class D felony battery on a law enforcement officer, class D felony resisting law enforcement, and class B misdemeanor public intoxication. In November 2014, Dyer pled guilty to battery on a law enforcement officer pursuant to a plea agreement under which he would receive a thirty-six-month sentence with twenty-four months suspended to probation and the State would dismiss the remaining charges. The trial court sentenced Dyer in accordance with the plea agreement.

[3] In March 2016, while on probation, Dyer was charged with class A misdemeanor operating a vehicle while intoxicated endangering a person. The State filed a petition to revoke his probation. At the revocation hearing, Dyer admitted that he violated probation by committing a new criminal offense. The trial court revoked Dyer's probation and ordered him to serve his twenty-four-month suspended sentence. This appeal ensued.

# Discussion and Decision

[4] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court has discretion to determine the conditions of probation and may revoke probation if the conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013).

[5] Probation revocation involves a two-step process. "First, the court must make a factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." *Vernon v. State,* 903 N.E.2d 533, 537 (Ind. Ct. App. 2009) (citation omitted), *trans. denied*. The probationer must be given an opportunity to offer evidence that mitigates his violation. *Id.* If the court determines that probation has been violated it may continue the person on probation, extend the probationary period for no more than a year beyond the original probationary period, or order execution of all or part of the previously suspended sentence. Ind. Code § 35-38-2-3(h). Where a trial court has exercised its grace in granting a defendant probation rather than incarceration, it has considerable leeway in deciding how to proceed when the defendant then violates the conditions of his probation. *Prewitt*, 878 N.E.2d at 188. We review a trial court's decisions to revoke probation for an abuse of discretion. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances. *Prewitt*, 878 N.E.2d at 188.

[6]     Citing *Prewitt*, Dyer contends that the execution of his entire suspended sentence was not the "most effective and appropriate" sanction and asks that we reduce his sentence to one year in jail, which would allow him "time to consider the error of his ways but permit him to be released in a reasonable amount of time so he could begin an addiction treatment program." Appellant's Br. at 8. Neither *Prewitt* nor Indiana Code Section 35-38-2-3 imposes a "most effective and appropriate" requirement. Dyer directs us to self-serving testimony during the revocation hearing that he "messed up" and "was trying to do right and get home and just trying to take care of [his] kids," which the trial court considered as a mitigating circumstance. Tr. at 17. However, Dyer's behavior belies his claim because he continues to engage in illegal behavior when he has consumed alcohol. Under the circumstances, we cannot say that the trial court abused its discretion in revoking Dyer's probation and ordering him to serve his entire suspended sentence. Therefore, we affirm.

[7]     Affirmed.

        Kirsch, J., and May, J., concur.