## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 09 2019, 9:19 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 9, 2019

Court of Appeals Case No.
19A-CR-1526

Appeal from the Wells Circuit Court

The Hon. Kenton W. Kiracofe, Judge

Trial Court Cause No.
90C01-1009-FC-14

**Bradford, Judge.**

# Case Summary

[1]  In 2011, Gregory Jones pled guilty to Class C felony non-support of a dependent, and the trial court imposed a four-year suspended sentence and eight years of probation, the terms of which included faithful payment of child support. In 2015, the State filed a notice of violation of the terms of probation in which it alleged that Jones was in arrears in his child-support payments. Jones admitted the violation. In 2019, after many delays, the trial court ordered Jones to serve his previously-suspended four-year sentence. Jones contends that the trial court abused its discretion in revoking his probation because the State failed to establish that his failure to pay child support was intentional, knowing, or reckless. Because we disagree, we affirm.

# Facts and Procedural History

[2]  As of July of 2010, Jones was behind over $17,000.00 in child-support payments for the two children he had with Samantha Miller. On September 22, 2010, the State charged Jones with two counts of Class C felony non-support of a dependent child. On August 8, 2011, Jones pled guilty to one count of non-support of a dependent child. On October 27, 2011, pursuant to a written plea agreement, the trial court sentenced Jones to four years of incarceration, all suspended, and eight years of probation.

[3]  On February 13, 2015, the State filed a second petition for the revocation of Jones's probation, alleging that he had failed to pay child support consistent with the terms of his probation. On September 16, 2015, the trial court held a

hearing on the State's second petition at which Jones admitted, and the trial court found, that he had failed to pay child support as ordered. At some point in 2015, Jones applied for disability benefits, which were denied. In February of 2019, Jones reapplied for disability benefits, claiming that he was disabled as of April 26, 2018.

[4] On June 26, 2019, following several continuances, the trial court held an evidentiary hearing. The State admitted evidence that Jones's arrearage had increased to approximately $24,300.00, and Jones admitted that his last payment had been made in June of 2015. On June 28, 2019, the trial court ordered Jones's probation be revoked and that he serve his previously-suspended four-year sentence.

# Discussion and Decision

[5] Jones argues that the trial court abused its discretion in revoking his probation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citing *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005)). The Indiana Supreme Court has held that "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard[,]" explaining that

> [o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too

severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007).

[6] An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999). Before the trial court may revoke probation due to a defendant's failure to pay child support, the State must prove both a violation of the terms of probation occurred and that the violation was due to the defendant reckless, knowing, or intentional failure to pay child support. *Runyon v. State*, 939 N.E.2d 613, 617 (Ind. 2010); Ind. Code § 35-38-2-3(g).

[7] Where a violation of the terms of probation has been established, Indiana Code subsection 35-38-2-3(h)(3) allows the trial court to "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing" and the "[c]onsideration and imposition of any alternatives to incarceration is a 'matter of grace' left to the discretion of the trial court." *Monday v. State*, 671 N.E.2d 467, 469 (Ind. Ct. App. 1996). "When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses." *Vernon v. State*, 903 N.E.2d 533, 536 (Ind. Ct. App. 2009), *trans denied*.

[8] While Jones concedes that he owes a substantial sum of child support, he contends that the State failed to establish that his failure to satisfy his obligations was reckless, knowing, or intentional. "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind. Code § 35-41-2-2(c).

[9] First and foremost, all of Jones's evidence presented at his dispositional hearing addressed the time following the State's petition to revoke his suspended sentence and probation. Put another way, Jones's evidence only attempted to excuse Jones's failure to pay after 2015 and has nothing to do with the missed payments on which his probation violation was actually based. On this basis alone, we conclude that the trial court did not abuse its discretion by revoking Jones's probation. Jones presented no evidence whatsoever tending to establish that, prior to the filing of the petition to revoke his probation in February of 2015, "his income was such that he was unable to pay support as ordered." *Smith v. State*, 963 N.E.2d 1110, 1114 (Ind. 2012).

[10] Furthermore, the evidence Jones presented at his dispositional hearing, even if credited fully, did not establish that he was unable to pay child support

following his admission. Although Jones presented evidence that he twice applied for disability benefits, his first application in 2015 was denied. This denial supports a finding that Jones was not actually disabled until at least April 26, 2018, the disability date claimed in his second application, which was still pending on the date of the dispositional hearing. As for his condition on that date, Jones testified that he is a gunshot victim who suffers from depression, anxiety, "PSD [sic]," a "foot issue," and "pantaritis [sic]" limiting his ability to stand to one-and-a-half hours at a time. Tr. Vol. II p. 133. Even if all of this is true, Jones does not explain how his conditions would prevent him from finding any work at all. Indeed, Jones conceded that he is in fact able to work, *i.e.*, he helps his mother around the house and does yard work in lieu of paying rent.

[11] We, however, digress. To reiterate, even if the trial court had been required to credit all of Jones's evidence, which it was not, it would not help him because none of that evidence has anything to do with the violations for which his probation was actually revoked. Jones has not established that he was unable to comply with his child support obligations prior to February of 2015, and as a result, the trial court did not abuse its discretion by revoking his probation and suspended sentence.

[12] We affirm the judgment of the trial court.

Vaidik, C.J., concurs.

Riley, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gregory Jones, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | Court of Appeals Case No. <br> 19A-CR-1526 |

**Riley, Judge dissenting**

[13] I respectfully dissent from the majority's conclusion that the trial court's decision to imprison Jones was a proper exercise of its discretion. Jones admitted at the September 16, 2015, hearing on the second petition to revoke his probation that he had failed to pay his child support obligation as alleged by the State. These admissions were adequate to support a finding that he knowingly or intentionally violated his probation. *See Runyon*, 939 N.E.2d at 617. However, in spite of his admissions, Jones was entitled to present

mitigating evidence regarding his inability to pay and his bone fide efforts to do so in an effort to persuade the trial court that it should not imprison him. *Id.*

[14]     Jones testified at his June 26, 2019, dispositional hearing that he had been unable to work or pay support since 2015 because he was the victim of a shooting who suffered from depression, PTSD, and anxiety. Jones also had a physical ailment that prevented him from standing for more than an hour and a half at a time. Contrary to the majority's implication, other facts apart from Jones' dispositional hearing testimony supported the existence of Jones' mental health conditions. At an August 26, 2015, status hearing, Jones' counsel represented to the trial court that Jones had been hospitalized for a mental health episode, and at the next hearing in the matter, Jones brought documentation of his hospitalization that was accepted by the trial court. In addition, at a July 6, 2016, status hearing, the prosecutor was provided with documentation of a mental health examination Jones underwent as part of his ongoing efforts to procure disability benefits, outlined more fully below. After reviewing the documents, the prosecutor commented that they indicated Jones had "major limitation in his mental residual functional capacity, which means there's—there are issues." (Transcript Vol. II, p. 110). Jones was without savings, assets, or a vehicle. Jones had lived with his mother in Georgia since 2015 and rode the bus back to Indiana twenty-five hours each way to attend the hearings in this matter.

[15]     Jones also presented evidence of his bone fide efforts to pay support. Beginning in 2015, Jones pursued disability benefits which he believed could be used in

part to meet his support obligations. His first application was denied, and Jones pursued appeals from that denial. Ultimately, those appeals failed. Jones reapplied for disability in February of 2019, and that reapplication was still pending as of the dispositional hearing in this matter.

[16] The majority finds these facts to be irrelevant to the instant appeal because they occurred after the second petition to revoke was filed. However, the State presented evidence at the June 26, 2019, dispositional hearing as to Jones' arrears to date, not simply his arrears as of the filing of the petition to revoke. As previously noted, Jones was entitled to present this evidence to the trial court prior to disposition to explain why he should not be imprisoned for his admitted failure to pay. In addition, the majority implies that the fact that Jones averred in his February 2019 disability reapplication, admitted into evidence at the dispositional hearing as Defendant's Exhibit A, that he was disabled as of April 26, 2018, undercut his claim of disability as of 2015. However, Jones claimed April 26, 2018, as his date of disability on the February 2019 disability reapplication because that was one day after the administrative judge had denied his previous disability application, not because he claimed April 26, 2018, as his historic date of disability.

[17] In light of this evidence of Jones' inability to pay, his bone fide efforts to procure disability benefits to pay his support, and the fact that Jones had no other allegations of violations filed against him in either Georgia or Indiana despite this matter pending for over four years, I conclude that the trial court's decision to imprison Jones for four years was against the facts and

circumstances of this case and was, therefore, an abuse of its discretion. For these reasons, I respectfully dissent.