## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 24 2020, 10:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Angela Hokey,

*Appellant/Respondent,*

v.

State of Indiana,

*Appellee/Petitioner.*

July 24, 2020

Court of Appeals Case No.
20A-CR-262

Appeal from the Decatur Superior Court

The Hon. Matthew D. Bailey, Judge

Trial Court Cause Nos.
16D01-1810-F6-1309
16D01-1902-CM-203
16D01-1902-F6-173

**Bradford, Chief Judge.**

# Case Summary

[1] Following Angela Hokey's April of 2019 guilty pleas to several crimes in three cause numbers, the trial court imposed 1170 days of probation. In October of 2019, the State filed a petition to revoke Hokey's probation for, *inter alia*, failing to report to the probation office for three months or notify it of an address change, the loss of her telephone, and transportation issues. In January of 2020, Hokey admitted to violating the terms of her probation, and the trial court ordered that she serve 600 days of her previously-suspended sentences. Hokey contends that the trial court abused its discretion in ordering her to serve portions of her previously-suspended sentences. Because we disagree, we affirm.

# Facts and Procedural History

[2] On April 2, 2019, Hokey pled guilty to Level 6 felony methamphetamine possession in cause number 16D01-1810-F6-1309 ("Cause No. 1309"), Class B misdemeanor marijuana possession and Class C misdemeanor illegal possession of paraphernalia in cause number 16D01-1902-CM-203 ("Cause No. 203"), and two counts of Level 6 felony unlawful possession of a legend drug in cause number 16D01-1902-F6-173 ("Cause No. 173"). The trial court sentenced Hokey to 360 days of probation in Cause No. 1309, 180 days of probation in Cause No. 203, and 720 days of incarceration with 630 suspended to probation in Cause No. 173 and ordered that all sentences were to be served consecutively. Hokey began serving her probation in April of 2019.

[3] On October 7, 2019, the State petitioned to revoke Hokey's probation on the bases that she had not reported to the probation office during the months of July through September, the probation office had not been able to reach her by telephone, she had not started her substance-abuse treatment, and she had not performed her community service. On January 2, 2020, Hokey admitted that she had violated the terms of her probation by failing to contact the probation office or to notify it of an address change, change of telephone, or transportation issues. The trial court ordered 180 days of probation revoked in Cause No. 1309, sixty days revoked in Cause No. 203, and 360 days revoked in Cause No. 173.

# Discussion and Decision

[4] Hokey argues that the trial court abused its discretion in ordering her to serve portions of her previously-suspended sentences. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citing *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005)). The Indiana Supreme Court has held that "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard[,]" explaining that

> [o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Prewitt*, 878 N.E.2d at 187. An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[5] Violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). Where a violation of the terms of probation has been established, Indiana Code subsection 35-38-2-3(h)(3) allows the trial court to "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing" and the "[c]onsideration and imposition of any alternatives to incarceration is a 'matter of grace' left to the discretion of the trial court." *Monday v. State*, 671 N.E.2d 467, 469 (Ind. Ct. App. 1996). "When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses." *Vernon v. State*, 903 N.E.2d 533, 536 (Ind. Ct. App. 2009), *trans denied*.

[6] We conclude that the trial court did not abuse its discretion in ordering Hokey to serve portions of her previously-suspended sentences. Hokey began serving her probation in April of 2019 but by July had stopped contacting the probation office and failed to do so again until September. Hokey admitted that during the time period in question she had not informed the probation office of her whereabouts and that the office was unable to contact her or leave a voicemail. Hokey also acknowledged that she fully understood the terms of her probation but "blew them off[.]" Tr. Vol. II p. 11. Hokey's admitted violation of the terms of her probation is sufficient to support the trial court's revocation and

order that she serve portions of her previously-suspended sentences. *See Gosha*, 873 N.E.2d at 663.

[7] Hokey contends that the trial court should have accepted her testimony that she stopped reporting to the probation officer because her van broke down, she lost her job, she moved, and her telephone ran out of minutes. Hokey also testified that she could not contact her probation officer because nobody would let her use a telephone. Even if we accept that any of this would excuse Hokey's violations, the trial court was under no obligation to credit her testimony and apparently did not. Hokey's argument is nothing more than an invitation to reweigh the evidence, which we will not do. *See Vernon*, 903 N.E.2d at 536.

[8] Hokey also contends that her violations were technical in nature and therefore should not support partial revocations. Hokey cites to no authority for the proposition that "technical" violations of the terms of probation should not be able to support revocation, and we are aware of none. Moreover, we take issue with Hokey's claim that her violations were merely "technical" in nature. The violation of terms of probation such as reporting requirements and the requirement to update the probation office of one's whereabouts make it much easier for a probationer to conceal other violations, such as illegal activity. Even if we assume that nothing like that occurred in this case, we do not think it is accurate to characterize Hokey's violations as merely "technical."

[9] We affirm the judgment of the trial court.

Baker, J., and Pyle, J., concur.